Wheatcroft *v.* Schmid.

Argued February 6, 1973, before President Judge
Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Alfred O. Breinig, Jr.,* for appellant.

*Robert J. Johnson,* for appellee.

OPINION BY JUDGE BLATT, March 14, 1973:

This case involves an Upset Price Tax Sale of land, owned by John W. and Jean G. Schmid (Schmids) as tenants by the entireties, to R. Wheatcroft (Wheatcroft). The real estate taxes on this land for 1967, 1968, 1969 and 1970 were unpaid although notice of each such delinquency was sent by certified mail to the Schmids in each year concerned by the Tax Claim Bureau of Montgomery County (Bureau). Each such notice consisted of a single piece of mail addressed to both of the Schmids and all of the return receipts therefor were signed by Jean G. Schmid.

Because the taxes remained upaid, the Bureau scheduled the land to be sold at its Upset Price Tax Sale, and notice of such sale was sent by certified mail to the Schmids. Again, this notice was a single piece of mail addressed to both of the Schmids and the return receipt was signed by Jean G. Schmid. In addition, one of the county assessors, a Mr. Stuhlmuller (Stuhlmuller), filed an affidavit that he had properly posted the premises. The sale was held on September 14, 1970, and Wheatcroft was the successful bidder. After payment of the delinquent taxes and other liens, there was a balance out of the price bid of $4,198.11, and a check for this amount was forwarded to the Schmids, endorsed by both of them and cashed.

John W. Schmid subsequently instituted an action in the Court of Common Pleas of Montgomery County seeking to declare the land sale null and void, and that court, in so declaring the invalidity of the sale, held that the notices sent to the Schmids were inadequate because they were not sent to each one individually. It also held that the property had been improperly posted, finding that Stuhlmuller had merely handed the notice to Jean G. Schmid when he should have affixed it somewhere on the property.

Upon a careful review of the record, we must reverse the lower court's decision.

As to the notice required, Section 602 of the Real Estate Tax Sale Law, Act of July 7, 1947, P. L. 1368, as amended, 72 P.S. §5860.602, provides that advertisement must be made for three consecutive weeks in two newspapers of general circulation in the county and once in a legal journal. "In addition to such publications, similar notice of the sale shall also be given by the bureau, at least ten (10) days before the date of the sale, by United States registered mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act and by posting on the property." It is clear that "[t]he notice provisions of the tax sale statute must be strictly complied with in order to guard against the deprivation of property without due process of law." *Chester County Tax Claim Bureau Appeal,* 208 Pa. Superior Ct. 384, 387, 222 A. 2d 602, 604 (1966).

The lower court erred in holding that the Bureau improperly sent notice to the Schmids by a single piece of mail. We have stated, in *Tax Claim Bureau of Montgomery County v. Wheatcroft,* 2 Pa. Commonwealth Ct. 408, 413, 278 A. 2d 172, 175 (1971):

"Under the facts of this case a proper letter of notification addressed to both husband and wife, holding title as tenants by the entireties, satisfies legal re-

quirements. Notice to husband and wife *living together* at one address conforms to both the spirit and the letter of the law.

"Our research has not yielded up to us any cases wherein this point has been dealt with by our Supreme Court. However, the lower courts of our Commonwealth have addressed themselves to the issues on several occasions. Mercer Co. Tax Claim Bureau Sale, 41 D. & C. 2d 130 (1966); Cantwell v. Henzier, 9 D. & C. 2d 21 (1956); Vogelsang v. Valent & Vogelsang, 51 Schuylkill Legal Record 165 (1956). A letter of notice addressed to both husband and wife residing together constitutes notice to the parties composing the entireties estate." (Emphasis in original.)

The Schmids were tenants by the entireties and they were living together. The notices mailed to them, therefore, were proper.

In regard to the posting, Stuhlmuller testified that he did not specifically recall posting the Schmids' property because it was only one of many properties he had been instructed to post. He did produce an affidavit, however, which was signed by him two days after the alleged posting and which stated that the posting had been done. He further testified that his usual practice was to hand the notice to be posted to an owner of the property, if possible, but, if an owner was not at home, he would normally attach the notice to the door. Both of the Schmids and their children testified that no one had ever handed any of them any notice of sale, yet, on this testimony, the lower court found that Stuhlmuller had handed the notice to Jean G. Schmid, had not affixed it to the house, and so had not "posted" the property as required. Again, we believe that the lower court was in error.

In *Hughes v. Chaplin*, 389 Pa. 93, 95, 132 A. 2d 200, 202 (1957), our Supreme Court stated: "As de-

clared in Beacom v. Robison, 157 Pa. Superior Ct. 515, 521, 43 A. 2d 640, '. . . a *prima facie* presumption of the regularity of the acts of public officers exists until the contrary appears. Such a presumption is a procedural expedient: Watkins v. Prudential Insurance Co., 315 Pa. 497, 173 A. 644. In tax sales it is particularly suitable.' " Of course, "[w]hile there is a presumption that public officers do perform their duties properly, such presumption must yield if the facts and reasonable deductions therefrom indicate the contrary." *Albert v. Lehigh Coal and Navigation Company,* 431 Pa. 600, 610, 246 A. 2d 840, 845 (1968).

In this case, Stuhlmuller's affidavit establishes the presumption that he properly posted the premises. Even if we should concede for the moment that merely handing notice to the property owner would not have constituted proper posting, it would still be necessary for competent evidence to be found on the record to show that this is what actually happened and all that happened, if the presumption of regularity were to be overcome. The only evidence on the record here, however, is to the contrary. Stuhlmuller testified that he did not recall specifically how he had posted the Schmid property, but he did describe his normal practice, and the Schmids testified that notice had definitely not been handed to them by Stuhlmuller or anyone else. It is impossible, therefore, to understand how the court could have found that the notice had been handed to Jean G. Schmid. Moreover, the reasonable inference from the testimony clearly seems to be that Stuhlmuller posted the notice by what he described as his alternate method, i.e., when an owner was not at home to receive the notice personally, by affixing it to the house. In any case, there was no evidence whatever to overcome the presumption of the regularity of the posting by this means.

6

For the reasons stated above, therefore, we must reverse the order of the court below and hold that the Upset Price Tax Sale by the Bureau to Wheatcroft was valid.