Exxon Corporation, Condemnee, Appellant, *v.*
Commonwealth of Pennsylvania, Department of
Transportation, Condemnor, and Richard E. and
Mary L. Law, Condemnees, Appellees.
Exxon Corporation, Condemnee, Appellant, *v.*
Commonwealth of Pennsylvania, Department of
Transportation, Condemnor, Appellee.

Argued September 10, 1973, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Robert C. Spitzer,* with him *Nauman, Smith, Shissler & Hall,* for appellant.

*Jerry R. Richwine,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for condemnor-appellee.

*Brett A. Huckabee,* with him *Frederick G. McGavin,* for condemnee-appellee.

OPINION BY JUDGE WILKINSON, October 17, 1973:

In these eminent domain proceedings, the Commonwealth (Condemnor) filed a single declaration of taking for five (5) tracts of land, the parties in interest therein being five separate and distinct owners, and four lessees. Each of the condemnees was assigned a separate docket number by the Prothonotary, with Richard E. and Mary L. Law (lessors-condemnees) being assigned 170-F and the Humble Oil & Refining Company (lessee-condemnee—now Exxon Corporation) being assigned number 170-G. A Board of View was appointed and both Exxon, lessee of Tract 5, and the Laws, owners of Tract 5, participated in the proceed-

ings before the Board which made an award of $50,000 to the Laws and $60,000 to Exxon. The viewers' report mistakenly referred only to Docket No. 170-F to which the Prothonotary added 170-G, the docket number of Exxon.

Within the 30-day appeal period set forth in Section 515 of the Eminent Domain Code, Act of June 22, 1964, P. L. 84, Special Session, as amended, 26 P.S. §1-515, the condemnor and the lessor-condemnee filed appeals from the award of the Board of View. The condemnor's appeal, however, referred *only* to Docket No. 170-F, i.e., the award to the Laws. The appeal did not refer to Docket No. 170-G, i.e., the award to Exxon. The appeal identified the interest of the condemnee as follows: "The interest of the condemnees in the aforesaid property is ownership in fee simple." Exxon sought to quash the condemnor's and lessor-condemnee's appeals as to the award to Exxon. The Court of Common Pleas of Berks County dismissed Exxon's petition. These appeals followed.

Although the order of the lower court was interlocutory, it determined the jurisdiction question of whether the appeals by the condemnor and the lessor-condemnee were properly taken from the Board of View to the Court of Common Pleas. The Act of March 5, 1925, P. L. 23, 12 P.S. §672, provides that interlocutory orders involving jurisdictional questions are appealable. *Miller Estate v. Department of Highways,* 424 Pa. 477, 481, 227 A. 2d 679, 681 (1967). The order of the lower court, therefore, was appealable.

The primary issue before this Court is whether the condemnor's appeal satisfied the statutory requirements of Section 516(a) of the Eminent Domain Code so as to appeal the award to the lessee-condemnee. The lower court believed that the statutory requirements were fulfilled. We disagree and must reverse.

The statutory requirements for appealing an award of a Board of View to the Court of Common Pleas are set forth in Section 516(a) of the Eminent Domain Code:

"The appeal shall set forth:

"(1) The name of appellant and appellee.

"(2) A brief description or identification of the property involved and the condemnee's interest therein.

"(3) A reference to the proceedings appealed from and the date of the filing of the viewer's report. . . ." The condemnor's appeal does not comply with these provisions so as to appeal the award to the present appellant, the lessee-condemnee. The condemnor's appeal does *not* name the present appellant; it does *not* describe or identify the present appellant or its interest; nor does it refer to 170-G, i.e., the docket number of the award to the present appellant.

The condemnor's appeal does satisfy the above statutory requirements so as to appeal the award to the Laws, the lessors-condemnees. In fact, this Court does not know what more the condemnor could have done in order to appeal only the award to the Laws. The condemnor would have proceeded exactly as it did if it intended to appeal *only* the award to the Laws.

The condemnor urges this Court to consider the following language from Snitzer, Pennsylvania Eminent Domain, Section 516-2 (1965): "If a party to an eminent domain fails to strictly comply with §§516(a)(1), (2) *or* (3), what results? The answer would seem to depend upon whether the courts will adopt the holdings requiring strict compliance, or those favoring the right of appeal. As long as the appeal is timely taken, *with sufficient identification of the matter in controversy,* a harsh and unjust result would occur if the appeal were quashed or stricken." (Emphasis added.) The above language supports the appellant and not the con-

demnor. The condemnor not only failed to comply with Section 516(a)(1), but also with 516(a)(2) and (a)(3). Furthermore, the matter in controversy was not sufficiently identified by the condemnor to include appeal of the award to Exxon.

The appellees, the Laws, contend that their timely and adequate appeal from the award of the Board of Views operates to appeal the award to Exxon. We disagree. Section 515 of the Eminent Domain Code provides as follows: "If a condemnee having less than the entire interest in the condemned property appeals the award to him, the condemnor shall have an additional fifteen days to appeal the entire award." The Laws, lessors-condemnees, appealed the award within the prescribed 30-day period, thereby giving condemnor an additional fifteen days to appeal the entire award. The lessor-condemnee's appeal did not operate to appeal the award to the lessee-condemnee, and the condemnor failed to take advantage of the additional opportunity to appeal the award to the lessee-condemnee.

Accordingly, the order of the lower court in denying the appellant's motion to quash is reversed, and the records are remanded to the court below for proceedings not inconsistent herewith.