David S. Erb, Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued October 2, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*C. Edmund Wells,* with him *Arthur F. Loeben, Jr.,* and *Wells, Campbell & Wells,* for appellant.

*Martin Burman,* Assistant Attorney General, with him *George Bristol,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, November 7, 1973:

In this eminent domain case, the Commonwealth (appellee-condemnor), in separate proceedings, condemned two tracts owned by David S. Erb (appellant-condemnee) which were located on opposite sides of South Hanover Street, North Coventry Township, Chester County. A Board of View was appointed and after a view of both properties and after hearings concerning both properties, awarded $79,743 to the appellant-condemnee for the first tract (under the Docket No. 467) and $9,500 to the appellant-condemnee for the second tract (under the Docket No. 485). While making separate awards pursuant to the two separate condemnations, the viewers noted that the two properties "were actually acquired, developed and used by the appellant-condemnee as a separate single property under unity of use for business purposes."

In its appeal of the award, appellee-condemnor, intending to appeal the award of $79,743, i.e., No. 467, mistakenly referred to No. 485. The appeal also mistakenly identified the property as 203-2-5 South Hanover Street, the true street address being 201-03. Appellant-condemnee filed a motion to quash the appeal, claiming the appeal failed to satisfy the requirements of Section 516 of the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P. L. 84, Art. V, 26 P.S. §1-516. The Court of Common Pleas of Chester County refused the appellant-condemnee's motion to quash and this appeal followed.

The issue is whether the appellee-condemnor, in its appeal, satisfied the requirements of Sections 516 (a) (2) and (a) (4) of the Eminent Domain Code which state:

"§516 Appeals

"(a) The appeal shall set forth: . . . (2) A brief description or identification of the property involved. . . . (4) Objections, if any, to the viewer's report, other than to the amount of the award." There can be no doubt that the appellee-condemnor complied with Section 516(a)(4) in that it was objecting only to the amount of the award.

A more difficult question is whether the appellee-condemnor complied with Section 516(a)(2). This Court recently dealt with a somewhat similar situation in *Exxon Corporation v. Commonwealth of Pennsylvania, Department of Transportation and Law,* 10 Pa. Commonwealth Ct. 301, 312 A. 2d 121 (1973), wherein the condemnor's appeal never mentioned the condemnee-lessee, Exxon, and only referred to the award and interests of the condemnee-lessor, Law. The condemnor's failure to comply with Sections 516(a)(1), (a)(2), and (a)(3) caused this Court to conclude that "the matter in controversy was not sufficiently identified by the condemnor to include appeal of the award to Exxon."

The facts here clearly distinguish this case from *Exxon Corporation.* Here, the appellee-condemnor's appeal to the court below mistakenly referred to No. 485; it did, however, correctly refer to Deed Book B-26, page 351, a reference to No. 467. The appeal also referred to Claim No. 1505421, another reference to No. 467 (and not to No. 485 which had a Claim No. of 1505420). The appeal mistakenly referred to 203-2-5 South Hanover Street instead of 201-03, but it does place the property at the proper corner of South Hanover Street, whereas the companion tract is located on another corner. Although there may be some discrepancies between the description of the property as set forth in the report of viewers and that set forth in the appeal, there is sufficient information in the appeal to determine that the property involved is the tract identified in No. 467.

Furthermore, the appellant-condemnee was not misled by reason of the above discrepancies. Indeed, upon notification of the appeal, appellant-condemnee took an appeal from the viewer's award as to the property identified in No. 485, i.e., the property appellant-condemnee claimed was identified in the appeal. As able counsel for the appellant-condemnee noted in oral argument, the appeal of the property identified in No. 485 was seemingly necessary in order to protect the record on the unity of use doctrine. *See* Section 605 of the Eminent Domain Code. Appellant-condemnee's appeal of No. 485 certainly indicates that he understood that appellee-condemnor had appealed No. 467.

Accordingly, we enter the following

### ORDER

Now, November 7, 1973, the decision of the lower court in refusing condemnee's motion to quash is affirmed.