Richard C. Fox, Esquire, Appellant, *v.* Pennsylvania Securities Commission, Appellee.

Argued September 4, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Reargued June 3, 1975, before the court en banc.

*Lewis H. Markowitz,* with him *Markowitz, Kagen & Griffith,* for appellants.

*Martin H. Aussenberg,* Assistant Attorney General, with him *Carl F. Safanda,* Deputy Attorney General, for appellee.

OPINION BY JUDGE BLATT, November 25, 1974:

This appeal arises out of an attempt by the Pennsylvania Securities Commission (Commission) to subpoena certain records and documents allegedly in the custody and control of the appellant, Richard C. Fox.

On August 15, 1973, pursuant to an investigation of sales of securities by American Leasing and Franchising, Inc. (ALF) and its related companies, the Commission issued four subpoenas directing Mr. Fox, a former director and control person of ALF, to produce the records of certain named corporations.[1] He refused to comply and the Commission then petitioned the Court of Common Pleas of York County to enforce the subpoenas.[2] He then filed both an answer and preliminary objections, the latter raising various jurisdictional questions. Regarding these objections, the lower court stated on October 19, 1973, "You can argue at some other Court, or maybe before me at some other time, these other matters." On the same date, that court proceeded to hear argument on the merits of the petition. On November 26, 1973 an order was filed dismissing the preliminary

---

1. The Pennsylvania Securities Commission is authorized to conduct investigations and issue subpoenas through Section 510 of the Pennsylvania Securities Act of 1972, Act of Dec. 5, 1972, P.L. .. (Act No. 284), 70 P.S. §1-510 (Supp. 1974-1975).

2. The Commission elected to proceed in the Court of Common Pleas rather than in the Commonwealth Court which had concurrent jurisdiction. Pennsylvania Securities Act of 1972, 70 P.S. §1-510(c) (Supp. 1974-1975).

objections and directing Mr. Fox to obey all four subpoenas. Taking exceptions to this order, he then filed a timely appeal with this Court. The Commission in turn has filed a Motion to Quash the Fox appeal, asserting that the lower court's order is interlocutory and thus not appealable. It is the Commission's motion which is now before us.

We must first comment on our jurisdiction in this matter. The Commission, as was its prerogative, elected to institute enforcement proceedings in the Court of Common Pleas of York County rather than in this Court which, of course, has concurrent jurisdiction. Pennsylvania Securities Act of 1972, Act of Dec. 5, 1972, P.L. 1280, 70 P.S. §1-510(c) (Supp. 1974-1975). This Court also has jurisdiction of appeals from final orders of the courts of common pleas in all civil proceedings to which the Commonwealth is a party which obviously is the case here. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, 17 P.S. §211.402(1) (Supp. 1974-1975). Thus, if the lower court's order is not interlocutory and is final, as Mr. Fox asserts, we must entertain the appeal and review the merits of the order. On the other hand, if the lower court's order is interlocutory, our review is limited to the question of the lower court's jurisdiction. Act of March 5, 1925, P.L. 23, *as amended,* 12 P.S. §672; *Exxon Corp. v. Pennsylvania Department of Transportation,* 10 Pa. Commonwealth Ct. 301, 312 A. 2d 121 (1973); *Allegheny Contracting Industries, Inc. v. Flaherty,* 6 Pa. Commonwealth Ct. 164, 293 A. 2d 639 (1972). Therefore, even if the lower court's order is interlocutory, we must still decide any questions presented concerning the jurisdiction of that court.

We find substantial authority to support the conclusion that an order commanding compliance with a subpoena is not final, but, rather, is interlocutory and not appealable. In the leading case of *Alexander v. United*

*States*, 201 U.S. 117 (1906), the plaintiffs refused to comply with subpoenas compelling the production of certain books and records before a special examiner investigating antitrust violations. The examiner petitioned the lower court, as the Commission did in the instant case, for "such action as the court might take for the further enforcement of its orders [the subpoenas]." The plaintiffs were ordered to comply with the subpoenas and appealed from that order. Ultimately the United States Supreme Court dismissed the appeal stating: "In a certain sense finality can be asserted of the orders under review; so, in a certain sense finality can be asserted of any order of a court. And such an order may coerce a witness, leaving him no alternative but to obey or be punished. It may have the effect and the same characteristic of finality as the orders under review, but from such a ruling it will not be contended there is an appeal. Let the court go further, and punish the witness for contempt of its order,—then arrives a right of review; and this is adequate for his protection without unduly impeding the progress of the case." *Alexander v. United States*, 201 U.S. 117, 121 (1905).

Our own courts have accorded full weight to this position, adopting the language in similar cases arising in the Commonwealth. *Deen's Appeal*, 135 Pa. Superior Ct. 376, 387, 5 A. 2d 613, 617 (1939) ; *accord, Riccobene Appeal*, 439 Pa. 404, 286 A. 2d 104 (1970). It is clear, therefore, that before a witness may gain appellate review of an order to enforce a subpoena, he must first refuse to testify and risk the penalties of contempt. And the rule must apply in this case as well, even though this particular witness is a member of the bar of this Commonwealth. His profession accords him no special status as a witness which would relieve him of the risk to which all contumacious witnesses are subject. We must conclude, therefore, that the order of the lower court is, indeed, interlocutory, and that it is not a final order. The

motion to quash must, therefore, be granted as to the appeal from that order on its merits.

This conclusion, however, does not dispose of the appeal entirely, for Mr. Fox has raised questions concerning the lower court's jurisdiction to hear the Commission's enforcement petition.[3] In his preliminary objections, Mr. Fox contended that the investigation of the Commission was not properly authorized by a vote of at least two concurring members of the Commission as required by Section 429 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §139. He asserted that the subpoenas were consequently void. We must note, however, "[A] *prima facie* presumption of the regularity of the acts of public officers exists until the contrary appears." (Emphasis in original.) *Wheatcroft v. Schmid,* 8 Pa. Commonwealth Ct. 1, 5, 301 A. 2d 377, 379 (1973). The contrary does not appear in this case, and the presumption is actually strengthened in the record by certified portions of minutes of Commission meetings on February 13, 1973, and August 14, 1973, which note the authorization of the issuance of subpoenas to investigate the records of ALF and also the authorization of the issuance of the four subpoenas, now in question, directed to Mr. Fox. These excerpts from the minutes expressly state that the investigation was previously authorized by the Commission, and it appears, therefore, both that the required administrative procedures were followed by the Commission and that their enforcement petition was properly within the jurisdiction of the lower court.

---

3. We must reject the Commission's objection that Mr. Fox should have raised the jurisdictional issues by way of answer rather than by preliminary objections. One's right to raise such questions should not fall upon such a distinction, and it is clear that it is within the discretion of this court to treat the preliminary objections as an answer. *Moran v. Paine, Webber, Jackson & Curtis,* 422 Pa. 66, 220 A.2d 624 (1966).

Mr. Fox next asserts that the Commission's subpoenas were not valid insofar as they sought to compel the production of materials in existence prior to January 1, 1973, the effective date of the Pennsylvania Securities Act of 1972. We must point out, however, that the Pennsylvania Securities Act of 1972 has preserved the right of the Commission to conduct investigations, to issue subpoenas, and initiate proceedings as provided under the prior securities statute. Section 704 of the Pennsylvania Securities Act of 1972, 70 P.S. §1-704 (Supp. 1974-1975). The Commission, therefore, clearly had the authority to request documentation concerning materials in existence prior to the effective date of the most recent legislation. See the Pennsylvania Securities Act, Act of June 24, 1939, P.L. 748, *as amended,* for the prior act.

Mr. Fox asserts finally that, even if the subpoenas were issued at least in part under authority of the prior act, the evidence which the Commission seeks is protected by an alleged two year statute of limitations applying to causes of action arising under that act. We find no authority whatever to support such a contention.

The Commission's motion to quash the appeal is granted and the order of the court below is affirmed.

PER CURIAM OPINION, July 10, 1975, following reargument.

Having heard reargument in the above captioned case on June 3, 1975, and having considered carefully the federal decisions cited which permit appeals from enforcement orders of administrative subpoenas, we do not find those decisions controlling in this case. We, therefore, again affirm the decision and order of the Court of Common Pleas of York County on our prior opinion as filed on November 25, 1974.