## Buchanan v. Littlestown Area School District

*John W. Phillips,* for School District.
*Lewis H. Markowitz,* contra.

MacPHAIL, *P. J.* March 3, 1976 — This proceeding was instituted by the Littlestown Area School District as a "Petition for Determination of Contempt." The petition recites that the school district on November 10, 1975, obtained an order from this court directing the prothonotary to issue a subpoena on one John Michael Conley requiring him to appear at a continued hearing before the Board of Directors of the Littlestown Area School District on November 13, 1975, at the hearing room in the Maple Avenue Middle School, Littlestown, Pa. The petition for the order was based upon the authority allegedly contained in section 1128 of the Public School Code of March 10, 1949, P.L. 30, 24 P.S. §11-1128. The subpoena was issued and served upon Conley but he did not appear at the time and place set forth in the order and subpoena. On November 17th, another subpoena was issued by the prothonotary pursuant to the same order of court entered November 10th. That subpoena directed Conley to appear at the same place on November 19, 1975. Again, the subpoena was served upon Conley and, again, he failed to appear.

Upon presentation of the instant petition, we issued a rule upon Conley to show cause why the

prayer of the petition should not be granted and fixed a time for hearing. Prior to the hearing date, Conley filed preliminary objections to the petition and a motion for discovery under Pa.R.C.P. 4009. On the return day for the original petition filed by the school district, it filed objections to Conley's preliminary objections and an answer to the motion for discovery. Recognizing that the preliminary objections raised substantial questions of procedure, we continued the matter until January 5th to afford counsel an opportunity to furnish a legal memorandum to the court concerning the various motions as well as to hear oral argument on those motions. Prior to January 5th, Conley filed an answer to the petition for determination of contempt.

We received briefs and heard oral argument but, before we could enter appropriate orders, Conley filed a motion for leave to file a motion to quash the subpoenas issued against him nunc pro tunc. Again, we issued a rule and have heard argument and received briefs on that motion.

## PRELIMINARY OBJECTIONS TO PETITION FOR DETERMINATION OF CONTEMPT

There is no authority of which we are aware that would authorize preliminary objections to a petition. See Tonuci v. Lennon, 13 D. & C. 2d 791 (1958). Preliminary objections are authorized under Pa.R.C.P. 1017 dealing with assumpsit actions. They are carried over into many other actions which simply provide that the rules relating to assumpsit actions will also apply to those actions. Petitions and answers are dealt with in Rules 206-209, inclusive, under "Business of the Courts." There is no provision in those rules for preliminary objections.

In Fox v. Pennsylvania Securities Commission, 17 Pa. Commonwealth Ct. 72, 328 A. 2d 573 (1974), it was said, at page 76:

"It is clear, therefore, that before a witness may gain appellate review of an order to enforce a subpoena, he must first refuse to testify and risk the penalties of contempt."

Accordingly, we must sustain the school district's objections to Conley's preliminary objections because they are procedurally invalid.

## AUTHORITY OF THE COURT TO ENFORCE THE SUBPOENA BY CONTEMPT PROCEEDINGS

Notwithstanding the fact that the preliminary objections are invalid, the basic issue raised thereby is also raised in Conley's answer to the petition for contempt. Since counsel stipulated that Mr. Conley did not appear at the school board proceedings, there is no issue of fact to be determined by the court. The basic issue raised by the petition and answer is the validity of the subpoena issued by the court.

Section 1128 of the Public School Code, supra, provides as follows:

"The board shall have power to issue subpoenas requiring the attendance of witnesses at any hearing and shall do so at the request of the party against whom a complaint is made. If any person shall refuse to appear and testify in answer to any subpoena issued by the board, any party interested may petition the court of common pleas of the county setting forth the facts, which court shall thereupon issue its subpoena commanding such person to appear before it, there to testify as to the

matters being inquired into. Any person refusing to testify before the court shall be held for contempt. All testimony at any hearing shall be taken under oath, and any member of the board of school directors shall have power to administer oaths to such witnesses."

It is obvious that there is no authority in section 1128 for the court to order a witness to appear anywhere except before "it." If there is any question about who "it" is, it is resolved by the next succeeding sentence which definitely refers to *the court*. Thus, we have before us the situation where the court has entered an order for a subpoena which is outside the bounds of statutory authority.

In Commonwealth ex rel. Roviello v. Roviello, 229 Pa. Superior Ct. 428, 323 A. 2d 766 (1974), the court reviewed the law of contempt as follows, at page 772:

"The courts of Pennsylvania have always possessed the inherent power to enforce orders and decrees by imposing penalties and sanctions for failure to obey or comply therewith . . .

"The basis for contempt is to provide punishment for contemptuous disregard of a court's authority . . . This power is a necessity so that a court may insure compliance with its decrees, and without such power, a decree would in many cases be useless . . .

"However, the court's power to punish for contempt is limited to situations in which it has both the jurisdiction and the power or authority to render the particular decree or order . . .

"In those instances where a court enters an order without authority or legal right to make such an order, it is powerless to attempt its enforcement . . . And when a court has jurisdiction of the action

and makes an order, but the order is beyond its powers, it is a nullity. The disregarding of an order in excess of the court's authority does not give rise to contemptuous conduct by the parties involved."

Thus, it appears beyond dispute that where the court makes an order without authority or legal right to make that order, it cannot enforce it by contempt proceedings. Here, the court ordered a subpoena directing Conley to appear before the school board. There is nothing in the law which authorizes the court to enter such an order. Accordingly, the order and the subpoena issued pursuant thereto were nullities and Conley was not only under no duty to respond to the subpoena but may even have refused to accept service thereof. See Schlesinger Petition, 367 Pa. 476, 81 A. 2d 316 (1951).

The command in the subpoena that Conley appear before the school board rather than before the court is not merely an error or irregularity which is no defense in a criminal contempt proceeding (see Commonwealth v. Ryan, 459 Pa. 148, 327 A. 2d 351 (1974)), but rather a case where the court's order and the subpoena were clearly in excess of the Court's authority.

## MOTION FOR DISCOVERY AND TO QUASH THE SUBPOENA, NUNC PRO TUNC

Since we have noted that the disregard of a court order in excess of the court's authority does not give rise to contemptuous conduct, we must dismiss the petition for contempt. Our holding in that regard makes it unnecessary for us to rule on the discovery proceedings or the motion for leave to quash the subpoena nunc pro tunc. However, we do note that had the latter motion been filed in a timely manner,

both Conley and petitioner would have been spared considerable expense, time and anxiety in having this matter resolved.

## ORDER OF COURT

An now, March 3, 1976, the petition for a determination of contempt is dismissed.