Yvonne Shoemaker *v.* Tax Claim Bureau of Montgomery County. Yvonne Shoemaker, Appellant. Counties Investment Corp., Intervening Appellee.

Argued October 4, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*James S. Kilpatrick, Jr.,* with him *Haws & Burke,* for appellant.

No appearance for appellee.

*Alfred O. Breinig, Jr.,* with him *Maurice M. Green,* for intervening appellee.

OPINION BY JUDGE MENCER, November 23, 1976:

Yvonne Shoemaker (appellant) seeks to have us reverse an order of the Court of Common Pleas of Montgomery County which dismissed her petition seeking to set aside an upset sale for unpaid real estate taxes.

Appellant's property was sold for failure to pay county, institution, township, and school taxes for the years 1972, 1973, and 1974. It is uncontested that for those years appellant received proper notice of her tax liability. Timely notice of a forthcoming upset sale was also sent to appellant by a correctly addressed registered letter, with return receipt requested, marked "Deliver to Addressee Only." This letter, postmarked July 18, 1974, was returned to the Montgomery County Tax Claim Bureau (Bureau) stamped "UNCLAIMED." No further attempt was made by the Bureau to contact appellant.

Appellant now asserts that the failure to receive actual notice of the pending upset sale, coupled with an alleged failure by the Bureau to prove proper posting of the property, deprives her of her right to due process under the Pennsylvania and United States Constitutions. We cannot agree. Section 602 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*[1] (Act), which controls here, provides in pertinent part:

[N]otice of the sale shall also be given by the bureau, at least ten (10) days before the date of the sale, by United States certified mail,[2] personal

---

[1] 72 P.S. §5860.602.

[2] It is not contested that registered mail is, for this purpose, the equivalent of certified mail.

addressee only, return receipt requested, postage prepaid, to each owner as defined by this act [72 P.S. §5860.101 et seq.] and by posting on the property.

. . . .

No sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this section. (Footnote added.)

This Court has held that the *sending* of notice in proper form is all that the act requires. *Grace Building Co., Inc. v. Clouser*, 5 Pa. Commonwealth Ct. 110, 289 A.2d 525 (1972). Here timely notice was sent in the statutorily mandated form. Therefore, appellant may not prevail on this ground. Appellant also contends that, nothwithstanding the statutory provisions, due process requires that actual notice be given. We can find no support for this position either in law or in reason.

Appellant asserts finally that the record does not reveal evidence that the land was posted as required by Section 602 of the Act. This contention does not seem to have been raised in the court below. However, we do note that both Judge TREDINNICK, writing for the Court of Common Pleas of Montgomery County and appellant's counsel below were satisfied that the land had been posted.[3] In short, there is nothing in this record to rebut the presumption that the taxing officials acted with regularity in posting appellant's property. *See Curtis Building Co., Inc. v. Tunstall*, 21 Pa. Commonwealth Ct. 81, 343 A.2d 389

---

[3] At one point appellant's attorney asked an employee of the bureau: "All right. Then, what happened after the property was posted?"

(1975); *Wheatcroft v. Schmid,* 8 Pa. Commonwealth Ct. 1, 301 A.2d 377 (1973).

Order affirmed.

ORDER

Now, this 23rd day of November, 1976, the order of the Court of Common Pleas of Montgomery County dismissing appellant's petition in the above-captioned case is affirmed.