Lena Fineberg et al., Appellants *v.* Urban Redevelopment Authority of Pittsburgh, Appellee.

Argued May 10, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Thomas R. Solomich,* with him *Rothman, Gordon, Foreman and Groudine,* P.A., for appellants.

*Marion E. Popiel,* for appellee.

OPINION BY JUDGE MENCER, August 8, 1979:

On November 3, 1971, the Urban Redevelopment Authority of Pittsburgh (Authority) filed a declaration of taking condemning certain real estate, described by metes and bounds, owned by Lena Fineberg, Arnold Fineberg, Ethel Insler, Ralph Fineberg,

Rosie Malhmood, a/k/a Rosie Malamud, Jeannette Berman, and Cecelia Sharp (appellants) and located in the Third Ward of the City of Pittsburgh. On May 3, 1976, the Authority filed a petition for the appointment of viewers and attached thereto as exhibit A the metes-and-bounds description set forth in the declaration of taking.[1]

---

[1] The description of the property in question, as set forth in the declaration of taking and petition for the appointment of viewers is as follows:

ALL that certain lot or piece of ground situate in the Third (formerly Eleventh) Ward, City of Pittsburgh, County of Allegheny and Commonwealth of Pennsylvania, situate on the northerly side of Wylie Avenue, fronting on said Avenue 21.9 feet, and running back 130 feet and bounded and described as follows to wit:

BEGINNING on the northerly side of Wylie Avenue at the corner of Smith Roberts Heirs lot; thence along said Avenue 21.9 feet to the corner of Castner's lot; and thence extending back about 130 feet more or less.

HAVING erected thereon a 2-story brick with a 1-story frame addition commercial and apartment party wall building, and a 2-story brick 2-family party wall dwelling situate at 1819 Wylie Avenue.

BEING designated as Block 9-S, Lot 274, in the Deed Registry Office of Allegheny County, Pennsylvania.

BEING part of the same property which Ethel Insler et vir. by deed dated December 28, 1943, recorded in Deed Book Volume 2788, page 371, conveyed to Jacob Fineberg. Jacob Fineberg died February 8, 1955 and by his Will, of record in Will Book 323, page 176, devised the residue of his estate to his six children, named in the Will as follows: Arnold Fineberg, Ethel Insler, Ralph Fineberg, Rosie Malamud, Jeannette Fineberg and Cecilia Sharp. Lena Fineberg, widow of Jacob Fineberg, elected to take against his Will. See also decree of distribution at No. 773 of 1955, particularly Schedule B of the decree, recorded in Deed Book Volume 4061, page 632, whereby the Court decreed a 1/3 interest to Lena Fineberg and 1/9 each to Arnold Fineberg, Ralph Fineberg, Jeannette Fineberg, Cecelia Sharp, Ethel Insler and Rosie Malhmood. The said Jeannette Fineberg is now Jeannette Berman, Rosie Malhmood,

On November 16, 1977, the report of viewers was filed, and an award was made to the appellants in the amount of $11,900. The Authority was to be allowed a credit for the payment of $7,000 made to appellants on December 21, 1971, the date on which delay compensation would be calculated.

The Authority filed an appeal from the award of viewers, and the appellants filed a motion to quash the appeal. The motion to quash presented to the Court of Common Pleas of Allegheny County the contention that the Authority's appeal from the award of viewers failed to satisfy the requirement of Section 516(a)(2) of the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended,* 26 P.S. §1-516(a)(2). The court below denied the appellants' motion to quash but granted the Authority 10 days to file a more detailed description and identification of the property than had been included in the appeal. This appeal followed.

Initially, we must determine whether the order appealed from here is interlocutory and, as such, not appealable. Although the order is interlocutory, it determined the jurisdiction question of whether the appeal by the Authority was properly taken from the viewers' award to the Court of Common Pleas. *Exxon Corp. v. Department of Transportation,* 10 Pa. Commonwealth Ct. 301, 312 A.2d 121 (1973). Section 1 of the Act of March 5, 1925, P.L. 23, *as amended, formerly* 12 P.S. §672, repealed (effective June 27, 1980) by Section 2(a) [1069] of the Judiciary Re-

so named in the decree, is the same person as Rosie Malamud named in the Will.

*Parties in interest*

Lena Fineberg, 1/3; Arnold Fineberg, Ethel Insler, Ralph Fineberg, Rosie Malhmood a/k/a Rosie Malamud, Jeannette Berman (formerly Jeannette Fineberg) and Cecelia Sharp, each a 1/9 interest, or any other persons found to have an interest in the property.

pealer Act, Act of April 28, 1978, P.L. 202, provides that interlocutory orders involving jurisdictional questions are appealable. *Miller Estate v. Department of Highways,* 424 Pa. 477, 227 A.2d 679 (1967). The order of the court below under challenge here was appealable.

Accordingly, we now address the question of whether the Authority's appeal satisfied the requirement of Section 516(a)(2) of the Eminent Domain Code, which reads as follows:

(a) The appeal shall set forth:

. . . .

(2) A brief description or identification of the property involved and the condemnee's interest therein.

The Authority's appeal, in pertinent part, stated that the Authority appealed "from the Viewers' Report in the above entitled case filed on November 16, 1977."[2] The appeal identified the property involved as being "located in the Third Ward of the City of Pittsburgh, County of Allegheny and Commonwealth of Pennsylvania." Further, the appeal set forth that "[t]he interest of the condemnees in the aforesaid property is ownership in fee simple."

Simply stated: Did appellants' identification of the property set forth in the appeal satisfy Section 516(a)(2)? We would first note that subsection (a)(2) is satisfied by either a description or identification. Here the Authority did not describe the property as it had previously done when filing its declaration of taking and petition for appointment of viewers. The Authority attempted to identify the property involved, and we conclude that it did so.

---

[2] The case was captioned or entitled by the names of the appellants and the Authority and by No. GD 76-9495, Sur No. 1318 January Term, 1972, an Eminent Domain Action in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division.

Surely the appellants were not prejudiced or misled as to the property involved since reference was made to the "above entitled case" in which the property was described by metes and bounds in both the declaration of taking and the petition for appointment of viewers. In addition, the property was specified as being located in the Third Ward of the City of Pittsburgh.

We are of the view that the facts here fall within the ambit of our holding in *Erb v. Department of Transportation*, 11 Pa. Commonwealth Ct. 111, 312 A.2d 467 (1973), where we held that a misdescription of the docket numbers and the address of the condemned property was not fatal to a challenge when the proper deed book number and location at the proper street corner were described and the condemnee was not misled by reason of the information contained in the appeal papers.

Although the identification of the property involved as set forth in the appeal could well have been more detailed, we conclude that it contained sufficient information to allow appellants to determine that the property involved in the appeal was the same tract described in detail in the report of viewers.

Therefore, we will affirm the order of the court below in denying appellants' motion to quash the appeal to the Court of Common Pleas of Allegheny County.[3]

Order affirmed.

---

[3] Our resolution of this case does not require us to address the issue of whether or not the court below, after denying the motion to quash, was correct in allowing an amendment to the appeal to afford the Authority an opportunity "to include a more detailed description and identification of the property involved in these proceedings."

*See Westmoreland v. Commonwealth*, 36 Pa. D. & C. 2d 463 (1964), where an amendment was allowed, and E. Snitzer, *Pennsyl-*

## ORDER

AND NOW, this 8th day of August, 1979, the order of the Court of Common Pleas of Allegheny County, dated January 24, 1978, denying appellants' motion to quash the appeal filed by the Urban Redevelopment Authority of Pittsburgh, is hereby affirmed.

*vania Eminent Domain* §516-2 (1965), where this author suggests that less than strict compliance with Section 516(a)(1), (2) or (3) of the Eminent Domain Code should not produce the harsh result which would occur if the appeal were quashed. *See also Lasher v. Allegheny County Redevelopment Authority*, 211 Pa. Superior Ct. 408, 236 A.2d 831 (1967).