## Thomas v. Montgomery County Tax Claim Bureau

*Searle J. Barry,* for appellant.
*Michael J. Sheridan,* for Tax Claim Bureau.
*Alfred O. Breining,* for defendant.

BROWN, *J.,* April 12, 1988—Charles Thomas was the owner of a vacant unimproved tract of land on Wissahickon Avenue in Lower Gwynedd Township, this county. It was appraised at $26,000 in December 1985. The property was sold to pay delinquent taxes at a tax sale on September 9, 1985 for the sum of $3,077, and on October 30 Thomas filed exceptions to the tax sale.

On June 1, 1984, the Tax Claim Bureau mailed a notice of delinquent 1983 school taxes to Thomas at his address, 6161 Spruce Street in Philadelphia. The bureau received a receipt for the certified article signed by a Denise Bickner dated June 6, 1984. Thomas denies receiving this notice, but it meets the requirements of the Real Estate Tax Sale Law of 1947.

On July 8, 1985, notification of the tax sale of his property was sent to him by certified mail, restricted delivery, in accordance with the requirements of section 602(e)(1) (72 P.S. §5860.602(e)(1)). The receipt returned to the bureau is dated July 13, 1985 and contains the signature Charles Thomas. He denies the signature is his but a comparison of it with an exemplar produced at his deposition on January 7, 1986 persuades us that it is genuine.

Following the sale, notice was sent in accordance with section 607(a.1)(1) (72 P.S. §5860.607(a)(1)). Although sent restricted delivery as required by that

section, the receipt was signed again by Denise Bickner and dated September 20, 1985. Although the strict requirements limiting delivery to Thomas were not followed, he acknowledges receipt of that notice. While the strict requirements of the act were not met since it was signed by Denise Bickner, the obvious purpose of that provision is to assure the owner receives notice of the sale in sufficient time to file exceptions within the then prescribed statutory period of 60 days from the date of mailing. Since exceptions were filed timely that issue is moot. That this post-sale notice defect was not intended to void an otherwise valid sale is suggested by the amendment of July 3, 1986.*

Despite the Tax Claim Bureau's compliance with the statutory mail pre-sale notification requirements, Thomas argues the sale should be set aside for two reasons. First, he insists the signature on the return receipt dated July 13, 1985 is not his. We compared the writing on it with a signature we know to be his and found it genuine; so that issue is resolved against him.

Thomas next argues that the gross disparity between the value of the property and the amount paid by the tax sale purchaser is in itself sufficient to invalidate the sale. Certainly the purchase of a tract of land for less than 12 percent of its market value with a corresponding 88 percent forfeiture to the owner has an appeal to any neutral observer sensi-

---

*(b.1) If notice is given under subsection (a.1)(2), proof that notice under subsection (a.1)(1) was not received by the owner shall not defeat a sale nor invalidate title to property. If the mailed or published notice required under this section is defective or was served in an untimely manner, the court shall enter an order nunc pro tunc for cause and, upon proof of prejudice, shall grant the owner leave to file objections and exceptions.

tive to considerations of equity. However, adding such comparisons to the work load of the bureau places burdens on it beyond its capacity to handle. Perhaps that, as well as the statute's complete silence on the subject, accounts for the rejection of inadequacy as a consideration by the Commonwealth Court. *Pavlow v. Brown,* 12 Pa. Commw. 303, 315 A.2d 375 (1974). Where a statutorily satisfactory price has been obtained at a sale conducted in accord with the provisions of the statute, there is no basis for a finding of unjust enrichment which would warrant setting aside the sale. *Lapp v. County of Chester,* 67 Pa. Commw. 86, 445 A.2d 1356 (1982).

There is another issue which neither the statute nor any appellate decision addresses. The tract is a vacant unimproved lot. The affidavit sworn to on August 23, 1985, reads as follows:

"To the Director of the Tax Claim Bureau, Montgomery County, Pennsylvania:

"I hereby certify and return, that I posted on 6 day of Aug. 1985 due and legal notice by posting the premises on the property described on the reverse side hereof.

"State of Pennsylvania:

SS.

"County of Montgomery: Jones/Labov, Assessor being duly sworn according to law, deposes and says that the facts set forth in the foregoing are true and correct, to the best of my knowledge, information and belief."

How does one post an unimproved lot? If it has a tree then, of course, the notice can be nailed to the tree. If not, a stake can be driven in the ground with

the notice appended to it. The record is without a clue as to how the posting was accomplished. This despite a hearing held on August 11, 1987, called for the express purpose of hearing testimony from deputy sheriffs Jones and/or Labov concerning the method and circumstances of the posting. Neither Thomas nor the purchaser at the tax sale presented any evidence, each asserting the burden was on the other.

There is a presumption that the officer properly posted the property arising from the affidavit of posting, *Brown v. Barnes Real Estate Company*, 44 Pa. Commw. 439, 404 A.2d 437 (1979); that is, that he posted the property in a reasonable way such as likely to inform the taxpayer of the impending sale. *Lapp v. Chester County, supra.*

The resolution appears to turn on who has the burden of proving that the posting was done in a manner reasonably calculated to attract attention. See *Otto v. Dauphin County Tax Claim Bureau*, 24 D.&C.3d 709 (1980). In *Otto*, the deputy sheriff who posted the property could not remember how he did so but speculated that since there were no trees on the tract he probably put the notice under a rock "as was the custom." That testimony was sufficient to persuade Judge Dowling of Dauphin County that the presumption he properly posted was rebutted.

The August 11, 1987 hearing produced no evidence of the manner of posting, but photographs of the tract attached as exhibits to the appraiser's deposition of January, 1986 reveal that the property although unimproved, has trees on it. One is of sufficient size to accommodate a posted notice and close enough to the street to attract attention. Therefore,

we can reasonably conclude that a proper posting was possible.

The Tax Claim Bureau has the initial burden of proving its compliance with the statutory notice provisions. *Area Homes Inc. v. Harbucks Inc.*, 75 Pa. Commw. 97, 461 A.2d 357 (1983); *Casanta v. Clearfield County Tax Claim Bureau*, 62 Pa. Commw. 216, 435 A.2d 681 (1981). That burden has been met insofar as the mailed notice requirements are concerned, but does the presumption of regularity arising from the affidavit of posting meet that burden in the absence of any rebutting evidence to the contrary. The Commonwealth Court has spoken to this issue in *Brown v. Barnes Real Estate Company, supra; Shoemaker v. Tax Claim Bureau of Montgomery County*, 27 Pa. Commw. 211, 365 A.2d 1320 (1976) and *Wheatcroft v. Schmid*, 8 Pa. Commw. 1, 301 A.2d 377 (1973). In the latter case, the Commonwealth Court found the burden was met under such circumstances stating:

"In this case, Stuhlmuller's affidavit establishes the presumption that he properly posted the premises. Even if we should concede for the moment that merely handing notice to the property owner would not have constituted proper posting, it would still be necessary for competent evidence to be found on the record to show that this is what actually happened and all that happened, if the presumption of regularity were to be overcome . . . Moreover, the reasonable inference from the testimony clearly seems to be that Stuhlmuller posted the notice by what he described as his alternate method, i.e., when an owner was not at home to receive the notice personally, by affixing it to the house. In any case, there was no evidence whatever to overcome the presumption of regularity of the posting by this means." *Wheatcroft* at 5, 301 A.2d at 379.

Accordingly, and regretfully in view of the forfeiture, we are compelled to confirm the tax sale and dismiss the appeal.

## ORDER

And now, April 12, 1988, the tax sale on September 9, 1985 of premises on Wissahickon Avenue in Lower Gwynedd Township, Block 12, Unit 24 is confirmed and the exceptions dismissed.