Curtis Building Co., Inc., Appellant, *v.* Joseph L. Tunstall, Jr. and Mary E. Tunstall, Appellees.

Argued June 2, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Alfred O. Breinig, Jr.,* for appellant.

*William E. Mowatt,* with him *Mowatt, McErlean, Pinto, Theodore & Rubin,* for appellees.

Opinion by Judge Mencer, August 12, 1975:

This appeal by Curtis Building Co., Inc. (Curtis) is from an order of the Court of Common Pleas of Delaware County dismissing Curtis's action to quiet title to and obtain possession of certain lands purchased through a tax sale for delinquent taxes.

Joseph L. Tunstall, Jr., and Mary E. Tunstall, appellees, purchased the premises in question, their current residence, in 1950. The property's estimated current value is $23,500, subject to a $4,000 mortgage. Evidence was introduced establishing the full payment of taxes for the years of 1961, 1962, 1963, 1964, 1965, 1967, 1968, 1969, 1970, and 1971 by the mortgagor, Havertown Savings and Loan Association, and its successor, Penn Federal Savings and Loan Association (Penn Federal). A representative of Penn Federal was not able to explain its failure to pay the 1966 taxes, although he did admit to the normal escrowing of appellees' funds for the purpose

of such payment. On October 28, 1968, Curtis purchased the property at a treasurer's tax sale. The consideration was $424.

At the hearing before the lower court, Curtis presented as its only evidence the unrecorded treasurer's deed of October 28, 1968. In addition to the testimony of the Penn Federal witness, appellees' only evidence was the testimony of Mr. Tunstall concerning his not having received any statutory notice. No other evidence or testimony was presented by either side.

We are therefore called upon to decide the narrow question of compliance with statutory notice to appellees and the necessarily interdependent issue of where, at trial, the burden of proof rests in an action to quiet the title to land purchased at a treasurer's tax sale. After carefully reading the very limited record before us, we are compelled to reverse.

Setting the stage for our decision is Section 602 of the Real Estate Tax Sale Law, Act of July 7, 1947, P. L. 1368, *as amended,* 72 P.S. §5860.602, which, at the time of the tax sale, provided in pertinent part:

> "[N]otice of the sale shall also be given by the bureau, at least ten (10) days before the date of the sale, by United States registered mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act and by posting on the property.
>
> . . . .
>
> "No sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this section."

It is well settled that tax sale notice requirements must be strictly followed to protect against the deprivation of private property without due process of law. *Wheatcroft v. Schmid,* 8 Pa. Commonwealth Ct. 1, 301 A. 2d 377 (1973).

However, our Supreme Court, in *Hughes v. Chaplin,* 389 Pa. 93, 95, 132 A. 2d 200, 202 (1957), has affirmed the principle that "[a]s declared in Beacom v. Robison, 157 Pa. Superior Ct. 515, 521, 43 A. 2d 640, '. . . a prima facie presumption of the regularity of the acts of public officers exists until the contrary appears. Such a presumption is a procedural expedient: Watkins v. Prudential Insurance Co., 315 Pa. 497, 173 A. 644. In tax sales it is particularly suitable.' Thus plaintiff had made out a prima facie case to sustain her title by producing the county treasurer's and commissioners' deeds. See Tremont Township School District Appeal, 366 Pa. 404, 409, 77 A. 2d 403."

As we previously noted, Curtis's sole evidence before the lower court consisted of the treasurer's deed. Thus, like the plaintiff in *Hughes,* by this offering Curtis made out a prima facie case to establish its title. *See Hughes, supra.* However, unlike the plaintiff in *Hughes,* Curtis did not endeavor to take the additional unneeded and occasionally fatal step of initially attempting to fully establish the regularity of the proceedings leading up to the execution and delivery of the tax deed. It was therefore incumbent upon the appellees, not Curtis, to place at issue the irregularity of the sale.

Appellees attempted to establish this irregularity solely through the testimony of Mr. Tunstall as to his allegedly not having received the statutory notice.[1] Unfortunately for appellees, the testimony of Mr. Tunstall was insufficient for the proof necessary in such proceedings. The issue during the trial was whether or not the treasurer properly *sent* the required notification by registered mail, not whether or not the notice had been received by appellees. *Hess v. Westerwick,* 366 Pa. 90, 76 A. 2d 745 (1950).

---

1. Though Mrs. Tunstall was present in the courtroom during the hearing, she was not called by either party.

Additionally, we note that in *Wheatcroft v. Schmid, supra,* we held that a single article of mail addressed to both spouses but received by only one spouse is adequate notice under the statute. Therefore, it is clear that the testimony of Mr. Tunstall was not sufficiently probative to rebut the presumption of regularity raised by the introduction of the treasurer's deed by Curtis. We therefore issue the following

ORDER

AND NOW, this 12th day of August, 1975, the May 9, 1974 order of the Court of Common Pleas of Delaware County is reversed, and the record is remanded to the Court of Common Pleas of Delaware County for further proceedings not inconsistent with this opinion.