Curtis Building Co., Inc., Appellant *v.* Joseph L. Tunstall, Jr. and Mary E. Tunstall.

234

Argued April 3, 1978, before President Judge Bowman and Judges Mencer and Rogers, sitting as a panel of three.

*Alfred O. Breinig, Jr.,* for appellant.

*William E. Mowatt,* for appellees.

Opinion by Judge Mencer, July 12, 1978:

Curtis Building Co., Inc. (Curtis) appeals from a decision of the Court of Common Pleas of Delaware County declaring invalid a treasurer's deed under which Curtis claimed title to property owned by Joseph L. Tunstall, Jr., and Mary E. Tunstall. The property had been sold to Curtis at a treasurer's sale for the nonpayment of 1966 real estate taxes. Since

notice of the tax sale was properly sent to the Tunstalls, we are compelled to reverse.

The Tunstalls purchased the premises in question, their residence, in 1950. All taxes for the years 1961 through 1971, with the exception of the year 1966, were paid by the Tunstalls through their mortgage company. A representative of the mortgage company was unable to explain its failure to pay the 1966 taxes, although he admitted to the escrowing of funds for that purpose. On October 28, 1968, Curtis purchased the property at a treasurer's tax sale for a consideration of $424.

On May 20, 1971, Curtis filed an action to quiet title against the Tunstalls in the Court of Common Pleas of Delaware County. At trial, Joseph Tunstall testified that he had not received notice of the tax sale. No other testimony was presented. On the basis of this evidence, the Court of Common Pleas dismissed Curtis' action to quiet title and declared the tax sale void. On appeal, this Court held that Joseph Tunstall's testimony was insufficient to rebut the presumption raised by the treasurer's deed that the tax sale had been conducted according to law and that the notices required by law had been properly sent. We remanded the case for further proceedings not inconsistent with our opinion. *Curtis Building Co., Inc. v. Tunstall*, 21 Pa. Commonwealth Ct. 81, 343 A.2d 389 (1975).

Upon remand, the Court of Common Pleas granted the Tunstalls' request for a new trial and granted leave for them to amend their answer to the complaint to place at issue the constitutionality of the notice provisions of the County Return Act, Act of May 29, 1931, P.L. 280, *as amended*, 72 P.S. §5971a et seq.[1]

---

[1] When this case was previously before us, we assumed, in accordance with the lower court's opinion, that the tax sale had been conducted under and pursuant to the Real Estate Tax Sale Law,

Evidence received by the lower court, primarily in the form of stipulations, revealed that, on August 5, 1968, approximately 3 months prior to the tax sale, notice of the impending sale had in fact been sent to the Tunstalls by certified mail, pursuant to Section 7 of the County Return Act, 72 P.S. §5971g. The return receipt card bore the signature of Mary E. Tunstall. Mrs. Tunstall acknowledged that the signature was hers, but she professed to have no recollection of signing the card or of receiving the notice attached thereto. By letter dated November 13, 1968, sent by regular mail, the treasurer advised the Tunstalls that the property had been sold on October 28, 1968 and informed them of their right to redeem the property within 2 years. The Tunstalls claim that they never received this letter.

Upon the close of the evidence, the lower court again declared the tax sale void, on the basis that notice by certified mail was constitutionally inadequate under the circumstances.[2] We cannot agree.

---

Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.101 et seq. Upon remand, however, the parties agreed that the sale had been conducted under and pursuant to the County Return Act. The notice provisions of the two acts are not materially different with regard to the issue involved in this appeal, *i.e.*, the constitutionality of notice by certified mail. *Compare* Section 602 of the Real Estate Tax Sale Law, 72 P.S. §5860.602, *with* Section 7 of the County Return Act, 72 P.S. §5971g.

[2] Almost as an afterthought, and in that portion of their argument dealing with the issue discussed in the text, the Tunstalls argue that the County Return Act is unconstitutional in that it provides no procedure whereby a taxpayer can contest his alleged delinquency and halt the tax sale. In support of this argument, they cite such clearly inapposite cases as *Fuentes v. Shevin*, 407 U.S. 67 (1972) (involving seizure of property without notice), and *Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969) (involving the garnishment of wages). We find no merit in this argument since the Tunstalls could have contested their delinquency and halted the tax sale by paying the tax alleged to be due and simultaneously

The notice required by due process is that which is reasonably calculated, under all of the circumstances, to actually apprise interested parties and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). It seems apparent to us that certified mail addressed to a homeowner at his actual place of residence is reasonably calculated to give actual notice of the proceedings to such a homeowner. This is particularly true since the absence of a signature on the return receipt card can give the taxing authorities warning that actual notice has not in fact been received. In this case, Mary E. Tunstall's signature on the card gave the taxing authorities strong reason to believe that actual notice had in fact been received.

The Tunstalls appear to be arguing that due process requires that notice of a tax sale be personally handed to the delinquent taxpayer. We find no authority for such a proposition. The only Pennsylvania authority cited by the Tunstalls, *Luskey v. Steffron, Inc.,* 461 Pa. 305, 336 A.2d 298 (1975), held only that notice of a sheriff's sale by posting and by publication was constitutionally insufficient. Nor do the cases on the federal level support the Tunstalls.[3] In

petitioning for a refund under Section 1 of the Act of May 21, 1943, P.L. 349, *as amended,* 72 P.S. §5566b. In addition, if this statutory remedy were inadequate, an action in equity to enjoin the sale would lie. In light of these options, and in the absence of stronger authority than that cited by the Tunstalls, we cannot hold the County Return Act to be unconstitutional merely because it does not provide its own procedures for raising such questions.

[3] The Tunstalls rely on three federal district court cases. Two of these cases, *Wager v. Lind,* 389 F. Supp. 213 (S.D. N.Y. 1975), and *Scoggin v. Schrunk,* 344 F. Supp. 463 (D. Or. 1971), involve factual situations clearly distinguishable from the present case. The third case, *Ponder v. Monteith,* No. 73-1991 (E.D. Pa. October 18, 1974), is of little precedential value in view of the fact that it was

238

fact, in a case similar in many respects to the present one, the United States Supreme Court upheld a tax sale despite the fact that the notice mailed to the taxpayer had been concealed by the taxpayer's bookkeeper. *Nelson v. New York,* 352 U.S. 103 (1956).

Since the notice provided to the Tunstalls was constitutionally adequate, we are compelled to reverse the order of the court below. We recognize that this result is harsh, but we must also recognize that "relief from the hardship imposed by a state statute is the responsibility of the state legislature and not of the courts, unless some constitutional guarantee is infringed." *Nelson v. New York, supra,* 352 U.S. at 111.

Order reversed.

## ORDER

AND Now, this 12th day of July, 1978, the order of the Court of Common Pleas of Delaware County, dated March 4, 1977, is hereby reversed, and this case is remanded for the entry of appropriate judgment or order pursuant to Pa. R.C.P. No. 1066.

---

"suspended" until further order of court, which order was never issued since the case was settled by stipulation of the parties. In any event, we do not find the reasoning of that case to be persuasive.