Richard Clark *v.* Esther Weinberg et al. Betty Goldman, Executrix of the Estate of Esther Weinberg *v.* Richard Clark. Betty Goldman, Appellant.

Argued April 3, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Thomas M. Holmes,* with him *Myron A. Pinkus,* and *Thomas J. Munley,* for appellant.

*Howard M. Spizer,* for appellee.

OPINION BY JUDGE BLATT, October 26, 1978:

Betty Goldman (appellant), executrix of the estate of Esther Weinberg, appeals here from an order of the Court of Common Pleas of Lackawanna County which upheld a tax sale of property to Richard Clark (appellee).

The property in question consists of three lots located in Scott Township which were originally purchased by Esther Weinberg in 1952. Following her death in 1960, the property was devised to her three children, and Betty Goldman was made executrix of her mother's estate. In December 1972, Richard Clark purchased the property at a public tax sale and received a county treasurer's deed which he subsequently recorded in the county deed book in April 1974. Shortly thereafter, Clark filed an action to quiet title

against Esther Weinberg and her devisees claiming title to the property in question by virtue of the county treasurer's deed. In July 1975, the appellant, as executrix of her mother's estate, initiated an action in ejectment alleging her claim of title. The lower court consolidated both actions for trial and it subsequently held that Richard Clark was the legal owner of the property. This appeal followed.

The appellant contends initially that the tax sale was invalid because the county treasurer had failed to give her proper notice. It is axiomatic that the notice provisions of a tax sale statute must be strictly complied with to guard against the deprivation of property without due process of law. *C. Everett, Inc. v. Ayres,* 22 Pa. Commonwealth Ct. 422, 349 A.2d 514 (1975). The notice which was required to be given the appellant is defined in Section 7 of the Act of May 29, 1931, P.L. 280, *as amended,* 72 P.S. §5971g, which provides in pertinent part:

[A]t least ten days before any such sale, written notice thereof shall be served by the county treasurer, by registered mail or certified mail, upon the owner of such land. . . . If notice was mailed as herein required, no such sale shall be prejudiced or defeated, and no title to property sold at such sale shall be invalidated by proof that such written notice was not received by the owner or terre tenant as herein provided.

At the trial in the lower court, the appellee introduced his county treasurer's deed as evidence of his title to the property. In *Hughes v. Chaplin,* 389 Pa. 93, 95, 132 A.2d 200, 202 (1957), our Supreme Court affirmed the principle that a property owner makes out a prima facie case to sustain his title by producing the county treasurer's deed, thereby gaining the benefit of the presumption of the regularity of the acts of public

officers in the execution and delivery of the tax deed. The burden of proof is thereby placed upon the objector who must establish that the treasurer did not send the required notification. *See Curtis Building Co. v. Tunstall*, 21 Pa. Commonwealth Ct. 81, 343 A. 2d 389 (1975). The appellant argues here that she presented evidence sufficient to rebut the presumption of regularity in the conduct of the tax sale.

The evidence relied on by the appellant consists of a delinquent tax notice for the property which she received in November 1974 and which stated that she had a period of one year in which to redeem the property. The lower court did not consider this evidence sufficient to overturn the tax sale and our review of the record supports that conclusion. The appellant testified that she had not paid the taxes on the property for a six-year period prior to the date of the notice. Moreover, the appellee testified that for several years after he purchased the property in 1972, he had received and paid tax bills for it which incorrectly contained the former owner's name and he placed into evidence the receipts for these bills. In this context, we agree with the lower court's conclusion that the evidence was not sufficient to rebut the presumption that the county treasurer had sent the proper notice before the tax sale of the property.

The appellant also argues that a partial erasure in the description contained on the tax deed is prima facie evidence of an alteration and was sufficient to preclude the presumption of statutory compliance normally arising from a valid tax deed. A treasurer's deed can be defeated by fraud or want of authority to sell, *Miller v. Leopold*, 23 Pa. Commonwealth Ct. 483, 353 A.2d 65 (1976), but the lower court here found that the erasure was due to a typographical error prior to the execution and delivery of the deed and that it was simply a clerical error which had been

corrected. The appellant presented no evidence to the contrary and our review of the record supports the lower court's conclusion.

The appellant argues finally that the description of the property on the tax deed is legally insufficient. It is well established that no tax sale of land is valid unless both the assessment and the conveyance by the treasurer contain sufficient descriptions to identify and disclose the property taxed and sold. *Bannard v. New York State Natural Gas Corp.*, 448 Pa. 239, 293 A.2d 41 (1972). What is required is not a description by metes and bounds, but an identification of the land sufficient to enable the tax collector and the public to determine what property is being assessed or sold. *Miller v. Leopold, supra*, 23 Pa. Commonwealth Ct. at 490, 353 A.2d at 69. The tax deed contains the following description :[1]

> [A]ll the following described piece, parcel or lot of land situate in the County of Lackawanna and Commonwealth of Pennsylvania, being designated on the assessment rolls of said county as the *Esther Weinberg* property in the municipality known as the Township of Scott, . . . and also being known and designated as Lot No. 59 in Block No. 23 fronting on Lake Chapman. . . .

The appellant argues that this description is insufficient because the lot and block numbers do not pertain to an official assessed lot or block but only identify the numerical listing of the property under the surname of the taxpayer. The evidence indicated, however, that no tax assessment map of the area existed at the time of sale and that the block and lot numbers contained in the description were those used for assessment purposes at that time. Moreover, the

---

[1] The record indicates that lot 59 includes all three of the lots purchased by Esther Weinberg in 1952.

evidence also indicated that the use of the former owner's name in the description was not misleading in that this was the only property that she owned in the area and the property was known by her name in the area.[2] We believe that this was sufficient to identify the property to the tax collector and the public. See Humphrey v. Clark, 359 Pa. 250, 58 A.2d 836 (1948).

The order of the lower court is affirmed.

### ORDER

AND Now, this 26th day of October, 1978, the order of the Court of Common Pleas of Lackawanna County, docketed at 321 May Term, 1975, and 1188 September Term, 1975, and dated December 17, 1976, is hereby affirmed.

---

[2] The appellant raised an issue on appeal as to the spelling of the decedent's name on the deed and tax assessments. Issues, however, not properly raised in the lower court cannot be considered on appeal. See Huhn v. Chester County, 16 Pa. Commonwealth Ct. 18, 328 A.2d 906 (1974).