## In re: Consolidated Return, Beaver County Tax Claim Bureau

*John J. Ross,* for Beaver County Tax Claim Bureau.

*Joseph J. Liberati* and *Dennis DiMartini,* for exceptants.

*Layden Sadecky,* for Stricklers.

SAWYER, *P.J.,* May 27, 1981—This case is before the court on exceptions filed by Green Valley United Baptist Church objecting to the tax sale of its real estate on September 8, 1980.

By deed dated June 21, 1977, and recorded on June 28, 1977, in Deed Book Vol. 1080, page 629, Howard W. and Joan Thompson conveyed their interest in a 0.8735 acre parcel of undeveloped land located in Hopewell Township, Beaver County, Pa., to Green Valley United Baptist Church, making the church the sole owner of the same. Mr. Thompson was a member of the Green Valley United Baptist Church and conveyed the property with the hope that the church would one day build a house of worship on the site. At the time of the conveyance, Green Valley United Baptist Church was head-

quartered in Stow, Ohio, with its precise residence being, as certified in the body of the deed, 5090 Young Road, Stow, Ohio 44224. It is the tax sale of this deeded parcel of land which is the subject of dispute.

In 1978, approximately one year after the June, 1977, conveyance of the undeveloped parcel to Green Valley United Baptist Church, the Thompsons received a statement of taxes due from the Hopewell Township tax collector's office for this property which they had conveyed to the church. Mr. Thompson personally returned the statement to the tax collector's office, informing the personnel there employed that he and his wife no longer owned the piece of property listed in the tax statement. Furthermore, he stated to them that, because the current owner was a church, the property was, in his opinion, exempt from taxation. After receiving assurances that the matter would be investigated in due course, Mr. Thompson left the tax collector's office. He received no further real estate tax notices or notices of any kind concerning the property in question. He later relayed his experience at the Hopewell Township tax collector's office to the elders and members of the church who shared his opinion that the property was exempt from taxation.

Subsequently, in 1979 the Beaver County Tax Claim Bureau received a report that the borough, school and county taxes on the property in question had not been paid by the owner of record for the year 1978. The bureau, pursuant to the Real Estate Tax Sale Law of July 7, 1941, P.L. 1368, as amended, 72 P.S. §5860.308, sent a notice of return and claim on July 27, 1979, by certified mail, return receipt requested, to Green Valley United Baptist Church,

the owner of record of the property, at the address listed in the county assessment office: 5090 Young Road, Stow, Ohio 44224. This notice was eventually returned to the bureau marked "unclaimed" by the postal authorities. Because the notice of return and claim was not delivered by the postal authorities to Green Valley United Baptist Church, the bureau was bound by 72 P.S. §5860.308, to physically post the notice of return and claim on the property. This required posting of the property was performed by Constable Daniel Radakovich and occurred on October 3, 1979, at 4:15 p.m.

In the early summer of 1980, the Beaver County Tax Claim Bureau received notice that, in addition to the 1978 unpaid taxes, the borough, school and county taxes due on the property in question for 1979 were likewise delinquent. The bureau, pursuant to 72 P.S. §5860.308, sent a notice of return and claim on July 2, 1980, by certified mail, return receipt requested, to Green Valley United Baptist Church, the owner of record of the property, at its Young Road address in Stow, Ohio. As with the 1978 notice of return and claim, this notice was eventually returned to the bureau marked "unclaimed" by the postal authorities. Once again, because the notice of return and claim was not delivered by the postal authorities to the Green Valley United Baptist Church, the bureau was bound by law to physically post the notice of return and claim on the property in question. This required posting of the property was performed by Constable Donald Naugle on August 12, 1980, at 12:45 p.m.

By notice dated July 18, 1980, and sent by certified mail, return receipt requested, the Beaver County Tax Claim Bureau, pursuant to 72 P.S.

§5860.602, informed the Green Valley United Baptist Church that its property would be exposed to public sale on September 8, 1980, if arrangements to pay the delinquent taxes were not made. This notice of sale was returned to the bureau marked "unclaimed." Under the provisions of 72 P.S. §5860.602, the bureau then proceeded to publish the notice of sale for three consecutive weeks in the Beaver County Times, the only newspaper of general circulation in the county, and once in the Beaver County Legal Journal. The bureau, also, in accordance with 72 P.S. §5860.602, physically posted the notice of sale on the property in question. This required posting was performed by Constable Daniel Radakovich on August 18, 1980, at 1:30 p.m.

On September 8, 1980, sale of the property was made to John P. and Karen Strickler for $300.

The Beaver County Tax Claim Bureau subsequently filed its consolidated return and petition to confirm nisi delinquent tax sales within 60 days of the sale as required under 72 P.S. §5860.607(a).

On November 21, 1980, exceptions to the bureau's petition were timely filed by the Green Valley United Baptist Church. Hearings on those exceptions were held before this court on January 8, 1981, and February 10, 1981.

Originally the church alleged, as found in its petition, five points of error with the sale which were:

(1) The notices of return and claim for past due 1978 and 1979 taxes were not properly mailed pursuant to 72 P.S. §5860.308.

(2) Posting requirements of 72 P.S. §5860.308 were not met with respect to the notices of return and claim for past due 1978 and 1979 taxes.

(3) The requirements found in 72 P.S. § 5860.602 concerning the mailing, newspaper advertisement and posting of the notice of sale were not met.

(4) Equity demands the sale must fail in that the church would not have been capable of seeing the posting or reading the newspaper advertisements advising it of the sale for the reason that the church was located in Stow, Ohio.

(5) The parcel was unlawfully taxed because the church is a nonprofit charitable institution which is exempt from real estate taxation.

However, subsequent to the final hearing on the case, this court requested that the moving party, the church, submit a brief specifically covering the issue of the exemption of the said parcel from taxation, as well as any other issues desired.* In its brief submitted to the court on the tax status of the property, the Green Valley United Baptist Church conceded that the parcel of land in question was not exempt from taxation since it did not qualify for any exception listed in The General County Assessment Law of May 22, 1933, P.L. 853, as amended, 72 P.S. § 5020-204(a)(1), and withdrew its contention as to that point.

The only issues now presently before the court are those numbered (1) - (4) above, all of which deal with the sufficiency of the legal notices given and communicated to the church from the taxing authority concerning the tax delinquency and sale of the piece of property in question. In its brief the church averred that none of the notices mailed to the church at its Young Road address in Stow, Ohio, were sent requesting restricted delivery (meaning personal addressee only) as was required by 72 P.S.

---

*Respondent was given the option to file a reply brief, which option it elected not to exercise.

§§5860.308 and 5860.602. Applying a standard of strict construction, the church contended that, because the notices were not sent restricted delivery, the tax sale was invalid and should be set aside. Realizing, however, that the court might find no serious error in the mailing of the notices, the church also offered in its brief what were termed equitable considerations in support of setting aside the tax sale of the property.

The church maintained in its brief that it honestly believed itself to be exempt from Pennsylvania real estate taxes when the Thompsons deeded the undeveloped parcel of land to it. This belief was reinforced by Mr. Thompson's relaying to the elders and other members of the church his discussion with the office personnel at the Hopewell Township tax collector's office in the summer of 1978. When Mr. Thompson reported hearing nothing further concerning the necessity of paying any taxes on the property, the church assumed that its exemption status was secure. It, therefore, never took it upon itself to inquire after 1978 into the possibility of any Pennsylvania tax assessment being levied against it. Likewise, the church, because it was not anticipating receiving tax notices or statements, never explored whether the address listed by Mr. Thompson for the church in the deed was a proper mailing address. The church admits that a physical structure does exist at 5090 Young Road, Stow, Ohio 44224, but it contends that that address has never been used by the church to receive mail. All mail for the church, it was averred, was typically sent to the home addresses of the various officials in the church hierarchy. Consequently, it was offered that the reason none of the notices mailed to the church at its Young Road address were delivered was because the bureau did not have the correct

business address of the church and not because the church refused to accept the same.

Additionally, the church questioned in its brief the credibility of the constables who testified to posting the various notices, suggesting that they had not performed the posting duties they testified they had performed. In support of this contention, the church drew the court's attention to the testimony of the several witnesses it had called at the hearings who reported never having seen any legal notices posted on the property in question. The church also offered the supposition that, assuming the legal notices wre actually posted, the reason all its witnesses could not recall seeing any legal notices posted on the property in question was that the notices had been removed shortly after posting. The church alleged that "the most likely candidate" to commit such a deed "would be the purchasers at the tax sale," i.e., the Stricklers.

In light of all these circumstances, the church averred that fairness and due process placed a duty on the taxing authority to give the church *actual* notice of the tax status of its property, its delinquent state, and its impending sale. Because such actual notice was not given, the church concluded that equity required the tax sale to be set aside.

After carefully considering the arguments made in the brief submitted by the church and after making a full and complete review of the record, we are not convinced that the instant tax sale was legally irregular or equitably unjust. Our reasons for so holding are as follows:

We begin by noting that "'a prima facie presumption of the regularity of the acts of public officers exists until the contrary appears. . . . In tax sales it is particularly suitable.'" Curtis Building Co., Inc.

v. Tunstall, 21 Pa. Commonwealth Ct. 81, 84, 343 A. 2d 389 (1975). The presumption is "'that a public official properly and regularly discharges his duties, or performs acts required by the law, in accordance with the law and the authority conferred on him, and that he will not do any act contrary to his official duty or omit to do anything which such duty may require.'" Beacom v. Robison, 157 Pa. Superior Ct. 515, 521, 43 A. 2d 640 (1945). We must therefore presume that the Beaver County Tax Claim Bureau performed its duties properly unless the Green Valley United Baptist Church establishes otherwise. It is our view that the church has not met the burden of proof which the law places on it in order to have the tax sale of its property set aside.

The church has argued that the notices sent to it pursuant to 72 P.S. §§5860.308 and 5860.602 were not mailed with the instruction of "restricted delivery," and that this error is fatal to the tax sale which ensued. A review of the companion receipt cards which accompanied the notices sent to the church (respondent's exhibits XA 2/10/81, XB 2/10/81, XC 2/10/81) by the bureau verifies the claim that the instruction "restricted delivery" appears not to have been given to the postal authorities as far as the 1978 and 1979 notices of return and claim are concerned. However, the instruction "restricted delivery" is indicated on the companion receipt card attached to the notice of sale. Under the language of 72 P.S. §5860.602 notices of sale which are sent pursuant to that section must be sent "by United States certified mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act." The phrase "personal addressee only" as found in 72 P.S. §5860.602 is

synonymous with the meaning behind the term "restricted delivery," therefore, it is obvious that the notice of sale, at least, must be sent by restricted delivery as was done. On the other hand, the phrase "addressed to the owner personally" does not have the same connotation as "personal addressee only," and does not clearly call for restricted delivery of the notice of return and claim. Consequently, we do not find as error the fact that the notices of return and claim in the case at hand were not mailed with the instruction of "restricted delivery."

As for the church's argument that the notices were not sent to its proper business address by the bureau, we note that the statute requires the notices be sent to the owner's "last known post office address" which is the last address held by the tax collector and/or the county assessment office: Return of Tax Sale by Indiana County Tax Claim Bureau v. Clawson, 39 Pa. Commonwealth Ct. 492, 395 A. 2d 703 (1979). The Young Road address was obtained by the bureau from records found in the county assessment office, which office presumably received the same from the document deeding the property to the church from the Thompsons. In sending the various notices to the Young Road address, the bureau fulfilled its legal obligations and had no duty to explore for possible alternative addresses when the notices were returned marked "unclaimed."

The allegation made by the church in its brief concerning the credibility of the constables who posted the various notices is without merit. We have found nothing in the record to overcome our initial presumption that these constables properly discharged their duties in accordance with the law. See, Beacom, supra.

Likewise, the insinuation made in the church's brief that the Stricklers deliberately removed the posted notices has no foundation in the evidence and deserves no further commentary.

Finally, although the Green Valley United Baptist Church may have believed the undeveloped parcel of land it received from the Thompsons to be exempt from taxation; and although the experience Mr. Thompson had at the Hopewell Township tax collector's office may have aided in that belief, these facts alone are insufficient to set aside the tax sale of the property on an equitable basis.

For all of the above reasons, we make the order attached hereto.

## ORDER

And now, May 27, 1981, it is hereby ordered and decreed that the exceptions filed by the Green Valley United Baptist Church to the petition for confirmation of the Beaver County Tax Claim Bureau's Delinquent Tax Sale on September 8, 1980, of property owned by Green Valley United Baptist Church located in Hopewell Township, Beaver County, Pa. parcel Number 65-022-0725-03-1, are hereby dismissed.

Further, the sale of said property to John P. and Karen M. Strickler is confirmed absolutely, and the prothonotary is directed to enter on the record a decree so providing. Upon the entry of said decree, the Director of the Beaver County Tax Claim Bureau is authorized to deliver a deed for and complete the sale of the subject property to John P. and Karen M. Strickler.