James E. Bell, Executor of the Estate of Ike C. Bell, also known as I. C. Bell, Deceased *v.* E. B. Provance et al. E. B. Provance Estate, Appellant.

James E. Bell, Executor of the Estate of Ike C. Bell, also known as I. C. Bell, Deceased v. E. B. Provance et al. James E. Bell, Executor of the Estate of Ike C. Bell, Deceased, Appellant.

Argued November 20, 1980, before Judges Men-
cer, Rogers and Palladino, sitting as a panel of three.

*Joseph P. Rygiel,* for E. B. Provance Estate.

*William M. Radcliffe, Coldren & Coldren,* for
James E. Bell, Executor of the Estate of Ike C. Bell,
deceased.

Opinion by Judge Palladino, June 8, 1981:

The Executor of the Estate of E. B. Provance
(Provance) and the Executor of the Estate of I. C.
Bell (Bell) each filed an appeal from the order of the
Court of Common Pleas of Fayette County which
found title to acreage situated in Wharton Township,
Fayette County, to be lawfully and regularly vested
in the Estate of Bell. We consider these appeals col-
lectively and affirm the order of the court of common
pleas.

The Executor of Bell brought an action to quiet
title to the acreage, claiming that Bell acquired title to

524

the property through a series of deeds and conveyances that originated with a tax sale in 1928 from the County Treasurer to the Commissioners of Fayette County for the amount of taxes owing for the year 1926. The Executor of Provance contested the validity of the tax sale, arguing that Provance, the property owner of record at the time of the sale, was not notified of the sale pursuant to the provisions of the Act of June 1, 1915 (Act), P.L. 660.[1] [2]

The law is well settled that the existence of a Treasurer's Deed establishes prima facie lawful title in the grantee by a rebuttable presumption of the regularity of the acts of public officials in accordance with the duties of their offices and the applicable laws. *Albert v. Lehigh Coal and Navigation Co.*, 431 Pa. 600, 246 A.2d 840 (1968); *Curtis Building Co. v. Tunstall*, 21 Pa. Commonwealth Ct. 81, 343 A.2d 389 (1975).[3] Therefore, a person challenging title obtained through a Treasurer's Deed has the burden of proving a defect or irregularity in the proceedings which produced the deed. *Clark v. Weinberg*, 38 Pa. Commonwealth Ct. 300, 393 A.2d 507 (1978).

---

[1] Act of May 21, 1913, P.L. 285, *as amended*, repealed by the Act of May 9, 1929, P.L. 1684.

[2] In pertinent part the Act states:

That return of taxes assessed by the authorities of any . . . township, against seated lands, shall be made whenever personal property cannot be found thereon sufficient to pay such taxes, *to the commissioners of the county.* . . . Whenever any such taxes are not paid within two years after the date of the assessment, such seated lands shall be advertised and sold by the county treasurer, at the time and in the manner, and with the same conditions and effect, as unseated lands.

[3] This case was remanded to the court of common pleas which rendered a decision that was again appealed to the Commonwealth Court of Pennsylvania. *Curtis Building Co. v. Tunstall*, 36 Pa. Commonwealth Ct. 233, 387 A.2d 1370 (1978).

In the instant case the parties were unable to proffer a Treasurer's Deed evidencing the tax sale from the County Treasurer to the County Commissioners. Nevertheless, we agree with the ably drafted opinion of President Judge TOOTHMAN sitting by designation on the Court of Common Pleas of Fayette County, that the record contains reliable indicia of such a sale comporting with the terms of the Act. Mrs. McLuckey, director of the Tax Claim Bureau of Fayette County, testified as custodian of the county tax sales records that the records showed that the acreage was sold in 1928 to the County Commissioners for the taxes owing for the year 1926. In addition, the deed from the County Commissioners to G. R. Lenhart et ux., Bell's predecessors in title, was entered into evidence. This deed recites that the acreage in question was "advertised and sold at public sale by the County Treasurer on June 12, 1928, to the County Commissioners . . . after notice thereof as required by law. . . ."

In the absence of any evidence which renders doubtful or untrustworthy either the deed from the County Commissioners or the testimony of Mrs. McLuckey, we conclude that Bell is entitled, despite the unavailability of the Treasurer's Deed, to the presumption that the public officials of Fayette County properly conducted the tax sale to the County Commissioners. Therefore, title to the subject acreage vests in the Estate of Bell since Bell is the successor in title from the grantees of the County Commissioners.[4]

---

[4] Since we hold that title vested in the Estate of Bell through deeds from the County Treasurer and County Commissioners, we dispense with a discussion of whether Bell could have acquired title through adverse possession which was the alternate theory advanced on appeal.

Accordingly, we will enter the following

ORDER

AND Now, June 8, 1981, the order of the Court of Common Pleas of Fayette County, Docket No. 976 of 1978 G.D., dated January 18, 1980, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.