## In re: Consolidated Return-Beaver County Tax Bureau

*T. A. Tenor*, for petitioners.

*Kenneth E. Fox, Jr.*, for Quaker State Construction Company.

*Thomas E. Reilly*, for Household Finance Consumer Discount Company.

*John J. Ross*, for Beaver County Tax Claim Bureau.

*James C. Tosh*, for Tobro.

MANNIX, *J.*, September 28, 1981—The validity

of Beaver County Tax Claim Bureau's September 8, 1980, sale of tax parcel no. 41-004-0503-00-1 situate in the Third Ward of the Borough of New Brighton (being sale no. 80-441) is now before this court for review.

On October 28, 1980, the Beaver County Tax Claim Bureau filed with this court a petition to confirm nisi the sale of a number of properties to third party purchasers at the Bureau's delinquent tax sale of September 8, 1980. The subject property was one of those sold. In December 1980 and January 1981 the following filed exceptions and objections to said sale: on December 19, 1980, the assessed owners of the property, Paul and Florence Miller; on December 22, 1980, Quaker State Construction Co., a remodeling contractor who peformed work on the subject propety for the assessed owners during the very month the tax sale was held and later filed a mechanic's lien against the property; and, on January 22, 1981, H.F.C. Discount Co., which had loaned money to the Millers for the remodeling and recorded its mortgage against said property.

Although the filed objections, exceptions, and petition to set aside the sale, raised a number of issues, this court is satisfied (after hearing all of the testimony presented and reviewing the stipulations entered on the record at the time of trial) that the validity of the tax sale in question turns on one key issue; namely, whether the Real Estate Tax Sale Law of July 7, 1947, P.L. 1368, as amended, (72 P.S. §5860.101 et seq.) requires "Notice of Sale" in each and every instance to be accomplished by (1) mailing notice, (2) posting notice, and (3) publishing notice without regard to whether the subject property is tenant occupied, vacant, or owner occupied.

At the time of hearing on the objections and ex-

ceptions to this particular sale, counsel for the third-party purchaser, the exceptants, and the Tax Claim Bureau entered into a series of stipulations, one of which was that:

The property of Paul and Florence Miller in the Third Ward, New Brighton, being tax parcel no. 41-004-0503-00-1, and sale No. 80-441, was not posted with "Notice of Sale."

The reason given for not posting was that the property was owner occupied and said owners had notice of the sale by (1) mail and (2) personal service of notice by a deputy sheriff.

It is well settled that the notice provisions of the Real Estate Tax Sale Law must be strictly complied with in order to guard against the deprivation of property without due process of law: Chester County Tax Claim Bureau Appeal, 208 Pa. Superior Ct. 384, 222 A. 2d 602 (1966); Curtis Building Co., Inc. v. Tunstall, 21 Pa. Commonwealth Ct. 81, 343 A. 2d 389 (1975).

Section 602 of the Real Estate Tax Sale Law requires three types of "Notice of Sale"; namely, (1) a published notice in the local newspapers and legal journal, (2) a certified mail notice, and (3) a posted notice. All three types of notice are required for a valid tax sale; if any is defective or omitted, the sale is void: Aronauer Appeal, 404 Pa. 654, 171 A. 2d 765 (1961).

Nowhere does the law state, nor can it be implied from language contained therein, that because the property was owner occupied at the time of the sale and at the time of the giving of notice thereof, that one or another of the required notices may be omitted or that a substitute type of notice of sale may be used in place of the three types of notice mandated by law.

If proper notice of sale as required by the Real Estate Tax Sale Law is not given, the tax sale in

question must be set aside: Appeal of Daubenspeck, 48 Pa. Commonwealth Ct. 612, 411 A. 2d 837 (1980.)

For the foregoing reasons the following order is entered.

## ORDER

And now, September 28, 1981, it is hereby ordered and decreed that:

1. The exceptions filed by petitioner/exceptants to the decree nisi of this court, entered on October 28, 1980, in connection with tax sale no. 80-441 of tax parcel no. 41-004-0503-00-1 are sustained.

2. Said sale is hereby set aside and title to the subject property is hereby vested in Paul E. Miller and Florence Miller, his wife, upon payment by them within 45 days hereof of the following:

   a. all unpaid taxes for the year of 1978;
   b. the unpaid 1979 borough tax;
   c. all unpaid taxes for the year 1980;
   d. the 1981 county and borough tax;
   e. all interest due and owing on the above taxes;
   f. costs.

3. Upon payment of all items enumerated in Paragraphs 2(a) through 2(f) hereof within the time prescribed in Paragraph 2 hereof, the Beaver County Tax Claim Bureau shall refund to Tobro, a partnership, consisting of James C. Tosh and John N. Tosh II, partners, the entire amount bid by it for the subject property of September 8, 1980.

4. In the event Paul E. Miller and Florence Miller, his wife, fail to pay in full to the Beaver County Tax Claim Bureau, within 45 days of this order, all payments required of them under Paragraph 2 above, then said Beaver County Tax Claim Bureau shall, following proper notice of sale by advertisement, mail and posting, expose said property to public sale at the next available sale date.