IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: :
: No. 1302 C.D. 2015
Upset Tax Sale Conducted : Argued: February 8, 2016
on September 11, 2014 by the :
Delaware County Tax Claim :
Bureau :
Folio No. 34-00-02509-35 :
:
Appeal Of: Gabriele Adiarte :


BEFORE: HONORABLE ROBERT SIMPSON, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: March 8, 2016


Gabriele Adiarte (Owner) appeals from an order of the Court of Common Pleas of Delaware County (trial court) denying her petition to set aside a tax upset sale. Owner argues the trial court erred because the Delaware County Tax Claim Bureau (Bureau) did not strictly comply with the notice provisions or exhaust additional notification efforts under the Real Estate Tax Sale Law[1] (Tax Sale Law). Upon review, we reverse.

## I. Background

On September 11, 2014, the Bureau held an upset tax sale for a condominium unit owned by Owner located at 314-B Saybrook Lane, Wallingford, Delaware County, Pennsylvania (Property) as a result of delinquent property taxes.

_____
[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860-803.

Steve Fitzgerald, LLC (Bidder) successfully bid on the Property. After the sale, the Bureau petitioned for confirmation of the sale, which the trial court entered absolute.

In November 2014, Owner filed a petition to set aside the sale of the Property. Owner asserted the Bureau denied her due process by not providing the requisite statutory notice of the sale in accordance with the Tax Sale Law. She also claimed the Bureau made no efforts to locate her prior to the sale to effectuate mail notice. Bidder filed a motion to intervene, which the trial court granted. The trial court then held a hearing in March 2015.[2]

At the hearing, Bidder presented the testimony of Lori Schreiber, the Bureau's upset sales coordinator (Coordinator) to prove the Bureau complied with the mail notice provisions of the Tax Sale Law. Coordinator testified the Bureau sent notice of the sale to the address provided by Owner to the Delaware County tax assessment office (assessor's office) – "Peter Gabriele, P.O. Box 694, Hockessin, Delaware 19707 c/o Egar [sic] F. Adiarte." Reproduced Record (R.R.) at 17a-18a, 43a; *see id.* at 62a. The Bureau sent the notice by certified mail, return receipt requested. *Id.* at 12a. The United States Postal Service (USPS) returned the notice marked "Unclaimed Unable to Forward." *Id.* at 12a-13a. A copy of the return was admitted into evidence as Exhibit TCB-5. *Id.* at 13a, 62a. On cross-

---

[2] In Pennsylvania, a valid tax sale requires strict compliance with three statutorily prescribed notice provisions: published notice, mail notice and posted notice. Section 602 of the Tax Sale Law, 72 P.S. §5860.602. At the hearing, the parties stipulated the Bureau properly advertised notice of the sale thereby satisfying the publication notice requirements. Reproduced Record (R.R.) at 9a. Although Owner initially challenged the posted notice before the trial court, she did not pursue this on appeal. Therefore, the focus of our inquiry is limited to whether the Bureau satisfied the mail notice requirements and whether the Bureau undertook reasonable efforts to locate Owner.

examination, Coordinator could not attest to whether the certified mail notice was marked or endorsed for "restricted delivery." *Id.* at 18a, 20a-21a.

Coordinator also testified regarding the Bureau's additional notification efforts. When notice is returned unclaimed, Coordinator explained the Bureau usually searches online databases "to find another address . . . ." R.R. at 13a-14a. Coordinator testified that, according to the file note for the Property, the Bureau searched two internet databases -- Cole's and Zabasearch -- but the search was unsuccessful in locating another address or phone number for Owner. *Id.* at 13a-14a, 23a, 32a. On cross-examination, Coordinator admitted she did not personally perform the search. *Id.* at 23a-25a, 33a. Coordinator further admitted her office did not search any records of the Prothonotary or recorder of deeds. *Id.* at 33a-34a, 38a.

In opposition, Owner testified she owned the property since 1997, when she was then known as "Gabriele Peter." R.R. at 49a. Since July 2010, Owner rented the Property to tenants. From the time the Property was first rented, Owner's husband Edgar F. Adiarte (Husband) handled all financial matters related to the Property, including payment of real estate taxes. *Id.* at 52a. To facilitate his handling of the Property's financial matters, Husband established a post office box in Hockessin, Delaware, over which he retained exclusive control. *Id.* at 52a. Owner confirmed the Hockessin P.O. Box was the same address on file with assessor's office, to which it would send tax bills for the Property. *Id.* at 54a. Although she used the P.O. Box address for the Property, Owner testified she resided with Husband and her children at 333 Woodcrest Road, West Grove, Chester County, Pennsylvania for the last nine years. *Id.* at 50a.

3

Owner was not aware the 2012 real estate taxes were delinquent. R.R. at 51a. On October 1, 2014, she discovered an open letter from the Bureau, on a table in her home, stating the Property was sold on September 11, 2014 at the tax sale. *Id.* at 55a-56a. Prior to discovering the letter, Owner was unaware the Property was listed for the tax sale. *Id.* at 51a. Owner retained counsel to investigate the legality of the sale. *Id.* at 50a. She learned the Bureau sent notice of the sale by certified mail to the Hockessin P.O. Box, but the mail was returned unclaimed. *Id.* at 56a-57a. The parties did not dispute that Owner did not have actual notice of the sale prior to the sale date.

Based on the evidence presented, the trial court denied Owner's petition to set aside. Owner appealed to this Court. At the direction of the trial court, she filed a statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). Pertinent to this appeal, Owner asserted the Bureau did not send notice by "restricted delivery" or undertake reasonable efforts to locate her.

In support of its order, the trial court filed an 11-page opinion. The trial court credited the testimony of Coordinator, and it determined the Bureau complied with the mail notice requirements. The trial court explained the Bureau sent notice by certified mail, return receipt requested to the P.O. Box provided by Owner to the assessor's office. USPS returned the notice to the Bureau marked "Unclaimed Unable to Forward." Trial Court Opinion, 9/28/15, at 4. The trial court explained the "use of a P.O. Box address guarantees that the mail is delivered only to the addressee provided as only that individual would have access to the P.O. Box." *Id*. at 9. Husband failed to retrieve the certified mail notice from the P.O. Box before it was returned as unclaimed.

4

With regard to the reasonable efforts to locate Owner, the trial court found the Bureau utilized two internet databases in an effort to locate her whereabouts. The trial court concluded that the Bureau "used ordinary common business practices to ascertain proper addresses where notice of the tax sale may be given and documented the same in the property file." *Id.* at 11.

## II. Issues

On appeal,[3] Owner asserts the Bureau failed to strictly comply with Section 602(e)(1) of the Tax Sale Law, 72 P.S. §5860.602(e)(1), because it did not provide any evidence that it sent the notice to Owner by "restricted delivery." She claims the trial court's conclusion that the "use of a P.O. Box address guarantees that the mail is delivered only to the addressee provided as only that individual would have access to the P.O. Box" renders the Tax Sale Law's "restricted delivery" requirement meaningless.

In addition, Owner argues the trial court erred when it concluded the Bureau exercised reasonable efforts to locate her. The returned unclaimed notice triggered the Bureau's mandatory duties under Section 607.1 of the Tax Sale Law[4] to locate her. Section 607.1 details the minimum search required, including a search of the county telephone directory, records of the assessor's office, the Prothonotary's office and recorder of deeds office. However, the Bureau did not undertake any of these searches.

---

[3] In tax sale cases, this Court's review is limited to determining whether the trial court abused its discretion, erred as a matter of law or rendered a decision without supporting evidence. *Maya v. County of Erie Tax Claim Bureau*, 59 A.3d 50, 54 n.2 (Pa. Cmwlth. 2013).

[4] Added by Section 30 of the Act of July 3, 1986, P.L. 351, 72 P.S. §5860.607a.

5

### III. Discussion
### A. Restricted Delivery

The primary purpose of the Tax Sale Law is to ensure the collection of taxes, not to strip away a citizen's property rights. *Rice v. Compro Distributing, Inc.*, 901 A.2d 570, 575 (Pa. Cmwlth. 2006). Therefore, adequate notice is a prerequisite before the execution of any tax sale. *Id.* "The statutory notice provisions in the Tax Sale Law must be strictly construed lest a person be deprived of property without due process." *Maya v. County of Erie Tax Claim Bureau*, 59 A.3d 50, 55 (Pa. Cmwlth. 2013) (citations omitted); *accord Smith v. Tax Claim Bureau of Pike County*, 834 A.2d 1247, 1252 (Pa. Cmwlth. 2003). "[T]he focus is not on the alleged neglect of the owner, which is often present in some degree, but on whether the activities of the Bureau comply with the requirements of the statute." *Smith*, 834 A.2d at 1251.

The Tax Sale Law provisions governing upset sales require the tax claim bureau to provide three types of notice: published notice, mail notice and posted notice. Section 602 of the Tax Sale Law, 72 P.S. §5860.602. The tax claim bureau bears the burden of proving compliance with the notice provisions. *Maya.* Of relevance here is the provision relating to mail notice, which provides:

> (e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:
>
> (1) At least thirty (30) days before the date of the sale, by United States *certified mail, restricted delivery, return receipt requested*, postage prepaid, to each owner as defined by this act.

72 P.S. §5860.602(e)(1) (emphasis added).

The types of mailings expressly delineated in Section 602(e) are USPS terms identifying USPS services, which are explained and defined by USPS.

6

*Horton v. Washington County Tax Claim Bureau*, 81 A.3d 883, 890 (Pa. 2013). The General Assembly "intended these terms to be interpreted pursuant to USPS definitions." *Id.* at 891.

According to section 503.3.1 of USPS's Domestic Mail Manual ("DMM"),[5] incorporated by reference in 39 C.F.R. §111.1, "certified mail" provides proof of mailing by showing that "an article was delivered or that a delivery attempt was made." *Accord Horton*, 81 A.3d at 890. Certified mail, when combined with return receipt requested, provides the signature of the person who accepted the package. Section 6.0 of DMM; *accord Horton*, 81 A.3d at 890.

"Restricted delivery" allows the sender to specify the person who can sign for and receive the item. Section 503.2.2 of the DMM; *accord Horton,* 81 A.3d at 890*; Kemler v. Lackawanna County Tax Claim Bureau* (Pa. Cmwlth., No. 944 C.D. 2014, filed March 9, 2015).[6] When mail is marked "restricted delivery," it "is delivered only to the addressee or to the person authorized in writing as the addressee's agent (the USPS may require proof of identification from the addressee (or agent)[)] to receive the mail ...." Section 508.1.1.8 of the DMM; *accord Dwyer v. Luzerne County Tax Claim Bureau*, 110 A.3d 223, 226 (Pa. Cmwlth. 2015). Even where a return receipt is signed, the signature must belong to someone authorized by the owner to accept certified mail. *Husak v. Fayette County Tax Claim Bureau*, 61 A.3d 302 (Pa. Cmwlth. 2013) (mailed notice to Fannie Mae

---

[5]  The DMM is available on USPS's portal: http://pe.usps.com/cpim/ftp/manuals/dmm300/mailingStandards.pdf (last visited February 18, 2016).

[6] Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414.

signed by "Pierce," whose identity and authority were unknown, required additional notification efforts). USPS charges additional fees for these extra services.[7]

Failure to strictly comply with the mail notice requirements of Section 602(e)(1) is grounds to set aside the sale. *Husak*; *Sabarese v. Tax Claim Bureau of Monroe County*, 451 A.2d 793 (Pa. Cmwlth. 1982); *Kemler*. In *Sabarese*, a common pleas court invalidated a tax sale on the grounds that the tax sale notices were not marked "personal addressee only." 451 A.2d at 793. The version of Section 602(e)(1), in effect at that time, required notice "[a]t least thirty (30) days before the date of the sale, by United States certified mail, *personal addressee only*, return receipt requested, postage prepaid, to each owner as defined by this act." *Former* 72 P.S. §5860.602(e)(1) (emphasis added).[8] On appeal, this Court affirmed upon concluding the taxing bureau did not strictly comply with the statute. *Sabarese*, 451 A.2d at 795. We rejected the bureau's argument that the omission made no difference because the owner would not have received the notice anyway even if it was addressed to the "personal addressee only." *Id.* at 794; *see also In re Return of Tax Claim Bureau of Chester County*, 222 A.2d 602, 604 (Pa. Super. 1966) (tax sale invalidated where tax records did not show notice was "sent by registered mail, return receipt requested, deliver to addressee only.").

Although Section 602(e)'s terminology changed from "personal addressee only" to "restricted delivery," USPS's meanings have not. *See In re*

---

[7] According to the DMM's "Domestic – Extra Services and Fees," "certified mail" costs $3.45, whereas "certified mail restricted delivery" costs $8.60; "return receipt" in conjunction with another extra service costs $2.80 (received by mail) or $1.40 (received electronically).

[8] This section was amended by the Act of July 3, 1986, P.L. 351, to its current version.

*Consolidated Return, Beaver County Tax Claim Bureau,* 19 Pa. D. & C.3d 555, 563-64 (C.P. Beaver 1981). Both services restrict who may sign for receipt of a mailing and are synonymous. *Id.*

Recently, in *Kemler,* this Court set aside a tax sale upon concluding the taxing bureau did not meet its burden of proving that it sent notice via certified mail, restricted delivery to one of the property's owners. There, the bureau did not offer a copy of the notice endorsed restricted delivery or offer any testimony to indicate the delivery was restricted.

Here, Coordinator testified the Bureau mailed the notice to Owner via certified mail, return receipt requested. R.R. at 12a. She testified the address used was the address Owner provided to the assessor's office for the Property. *Id.* at 17a, 43a. On cross-examination, however, Coordinator could not confirm that the notice was sent by restricted delivery. In fact, Coordinator did not know what restricted mail was and could only attest that she sent the notice by certified mail. *Id.* at 20a-21a.

In addition, the Bureau offered a copy of the returned mail notice into evidence (Exhibit TCB-5), which Coordinator authenticated. R.R. at 10a, 62a. The exhibit showed the notice was mailed by certified mail, return receipt requested, to:

> PETER GABRIELE
> PO BOX 694
> HOCKESSIN DE 19707
> c/o Egar [sic] F. Adiarte

*Id.* at 62a. USPS made three attempts on July 12, July 15, and July 27, 2015. *Id.* USPS returned the notice to the Bureau marked "UNCLAIMED UNABLE TO

FORWARD." *Id.* However, the exhibit does not bear a restricted delivery endorsement or any indication it was mailed by restricted delivery. *See id.*

The trial court found the Bureau complied with the mail notice requirements because it sent the notice via certified mail to a post office box. The trial court reasoned "[t]he use of P.O. Box address guarantees that the mail is delivered only to the addressee provided as only that individual would have access to the P.O. Box." Trial Court Opinion at 9.

However, the Tax Sale Law clearly requires notice sent by "restricted delivery," without exception. Section 602(e)(1) of the Tax Sale Law. The trial court's post office box exception is not supported by the Tax Sale Law or case law. We decline to create such an exception.

Furthermore, although it does not appear that notice sent by restricted delivery would have made any difference in this case, case law clearly provides that tax sale notice provisions are strictly construed even where such efforts prove futile. *Steinbacher v. Northumberland County Tax Claim Bureau*, 996 A.2d 1095, 1099 (Pa. Cmwlth. 2010) (*en banc*); *Smith*, 834 A.2d at 1252. As the Bureau did not prove strict compliance with Section 602(e), the mail notice was defective. *See Husak; Sabarese; see also Kemler*. To conclude otherwise would render the Tax Sale Law's "restricted delivery" requirement meaningless. On this basis, we conclude the tax sale of the Property was invalid.[9]

---

[9] In light of this disposition, we need not address whether the Bureau exercised reasonable efforts under Section 607.1(a) of the Tax Sale Law to locate Owner.

## IV. Conclusion

In sum, because the Bureau did not strictly comply with the mail notice requirements of Section 602(e)(1) of the Tax Sale Law, the tax sale of the Property was invalid. Accordingly, we reverse the order of the trial court and set aside the September 11, 2014, tax sale of Owner's Property.

_____
MICHAEL H. WOJCIK, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| | : No. 1302 C.D. 2015 |
| Upset Tax Sale Conducted | : |
| on September 11, 2014 by the | : |
| Delaware County Tax Claim | : |
| Bureau | : |
| Folio No. 34-00-02509-35 | : |
| | : |
| Appeal Of: Gabriele Adiarte | : |

O R D E R


AND NOW, this 8<u>th</u> day of <u>March</u>, 2016, the order of the Court of Common Pleas of Delaware County, dated July 1, 2015, is hereby REVERSED and the September 11, 2014, tax sale of Appellant Gabriele Adiarte's property is set aside.

_____
MICHAEL H. WOJCIK, Judge